LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

ERIC B. FASTIFF
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
NASHVILLE

June 4, 2008

**VIA ELECTRONIC FILING**

Clerk of Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:     Phillips v. Sears, Roebuck & Co., et al., No. C 08-02671 SBA, N.D. Cal.
>         (filed May 28, 2008)

Dear Clerk:

Attached please find the following documents submitted in the above-referenced matter pursuant to MDL Panel Rule 5.2(b):

1.     Motion of Plaintiffs William Fritz, Carl Phillips, Ronnie Phillips, Marc Parrone and James Schneider to Transfer Related Lawn Mower Engines Horsepower Actions for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407; and

2.     Memorandum of Plaintiffs William Fritz, Carl Phillips, Ronnie Phillips, Marc Parrone and James Schneider in Support of Their Motion to Transfer Related Lawn Mower Engines Horsepower Actions for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 and Exhibits A and B.

Thank you for your attention to this matter.

Respectfully submitted,
/s
Eric B. Fastiff

EBF:dv
Attachments
cc:     Defendants' counsel (via e-mail)
766151.1

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE LAWN MOWER ENGINES HORSEPOWER LITIGATION | : : : : | MDL DOCKET NO. _____ |

**MOTION OF PLAINTIFFS WILLIAM FRITZ, CARL PHILLIPS, RONNIE PHILLIPS, MARC PARRONE AND JAMES SCHNEIDER TO TRANSFER RELATED LAWN MOWER ENGINES HORSEPOWER ACTIONS FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

This motion relates to:

(1) *Fritz v. Sears, Roebuck & Co., et al.*, No. 3:08-CV-02545-JAP-TJB, D.N.J. (filed May 22, 2008;

(2) *Phillips v. Sears, Roebuck & Co., et al.*, No. C 08-02671 SBA, N.D. Cal. (filed May 28, 2008);

(3) *Phillips v. Sears, Roebuck & Co., et al.*, No. 06-cv-0412-GPM/DGW, S.D. Ill. (filed May 30, 2008);[1] and

(4) all future related and tag-along actions (collectively, the "Related Actions").

Plaintiff William Fritz in the District of New Jersey action listed above, Plaintiff Carl Phillips in the Northern District of California, and Plaintiffs Ronnie Phillips, Marc Parrone and James Schneider respectfully moves the Panel, pursuant to 28 U.S.C. § 1407, to transfer for

---

[1] The Schedule of Actions attached as an exhibit to Plaintiff William Fritz's accompanying memorandum supporting transfer and coordination properly names all parties pursuant to the Panel's rules. Here, the case names are abbreviated in the interest of brevity.

coordinated pretrial proceedings the related actions listed above to the United States District Court for the District of New Jersey.

1.     All of the Related Actions allege a conspiracy entered into by the largest manufacturers of lawn mowers and lawn mower engines to (i) misrepresent and significantly overstate the horsepower produced by their lawn mower products; (ii) conceal, suppress and fail to disclose material information, including the true, significantly lower horsepower of Defendants' lawn mower products; and (iii) falsely advertise and sell lawn mowers at different prices containing identical engines that produce the same horsepower as different products with different horsepower labels or ratings—higher prices for falsely represented higher horsepower—while concealing, suppressing and failing to disclose material information, including the facts that the engines are identical and the true, significantly lower horsepower of the lawn mowers.

2.     All of the Related Actions seek relief for violations of statutory consumer fraud laws, common law fraud, and civil conspiracy.

3.     The Related Action assert substantially similar allegations, and thus involve common questions of fact, including, *inter alia*, whether Defendants violated statutory consumer fraud laws, whether Defendants committed common law fraud, whether a conspiracy existed, who participated in the conspiracy, how the conspiracy was conducted, and what impact resulted from Defendants unlawful actions.

4.     Transfer and coordination of the Related Action will promote the just and efficient conduct of the actions, as well as further the convenience of the parties and witnesses, by eliminating duplicative discovery and the potential for inconsistent rulings.

5.    Transfer of the Related Actions to the District of New Jersey is warranted because:

    a.  The District of New Jersey has the expertise and efficiency to manage this complex multidistrict litigation; and

    b.  The District of New Jersey is an accessible forum to parties and witnesses.

For the reasons set forth in Plaintiff William Fritz's accompanying memorandum supporting transfer and coordination, the appropriate forum for the related actions is the District of New Jersey.

Dated: June 2, 2008

Respectfully submitted,

**HEINS MILLS & OLSON, P.L.C.**

By: _____
Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Lisa J. Rodriguez
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
8 Kings Highway West
Haddonfield, NJ 08033
Telephone: (856) 795-9002

Ira Neil Richards
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
1717 Arch Street
Suite 3838
Philadelphia, PA 19103
Telephone: (215) 731-9004

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

Paul J. Scarlato
Daniel R. Karon
Brian D. Penny
**GOLDMAN SCARLATO & KARON**
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: (484) 342-0700

**ATTORNEYS FOR PLAINTIFF WILLIAM FRITZ**

Joseph R. Saveri
Michael W. Sobol
Eric B. Fastiff
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

**ATTORNEYS FOR PLAINTIFF CARL PHILLIPS**

JoDee Favre
FAVRE LAW OFFICE, LLC
121 East Main Street
Belleville, IL 62220
Telephone: (618) 236-7736

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

Daniel R. Karon
**GOLDMAN SCARLATO & KARON, P.C.**
55 Public Square, Suite 1500
Cleveland, OH 44113
Telephone: (216) 622-1851

Issac L. Diel
**SHARP MCQUEEN, P.A.**
6900 College Boulevard, Suite 285
Overland Park, KS 66211
Telephone: (913) 661-9931

Ann D. White
**ANN D. WHITE LAW OFFICES, P.C.**
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA 19046
Telephone: (215) 481-0274

William H. London
Douglas A. Millen
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015 USA
Telephone: (224) 632-4500

Paul J. Scarlato
**GOLDMAN SCARLATO & KARON, P.C.**
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: (484) 342-0700

Krishna B. Narine
**LAW OFFICE OF KRISHNA B. NARINE, P.C.**
7839 Montgomery Avenue, Third Floor
Elkins Park, PA 19027
Telephone: (215) 782-3240

**ATTORNEYS FOR PLAINTIFFS RONNIE PHILLIPS, CARL PARRONE AND JAMES SCHNEIDER**

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE LAWN MOWER ENGINES HORSEPOWER LITIGATION | : : : : | MDL DOCKET NO. _____ |

**MEMORANDUM OF PLAINTIFFS WILLIAM FRITZ, CARL PHILLIPS, RONNIE PHILLIPS, MARC PARRONE AND JAMES SCHNEIDER IN SUPPORT OF THEIR MOTION TO TRANSFER RELATED LAWN MOWER ENGINES HORSEPOWER ACTIONS FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiff William Fritz (District of New Jersey), Plaintiff Carl Phillips (Northern District of California), and Plaintiffs Ronnie Phillips, Marc Parrone and James Schneider (Southern District of Illinois) (collectively, "Movants") in the related *Lawn Mower Engines Horsepower* actions respectfully submit this memorandum in support of their motion to transfer for coordinated pretrial proceedings Related Actions to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1407. The District of New Jersey is the most appropriate forum for transfer and coordination of the Related Actions because it offers the best combination of accessibility, expertise and efficiency. For this reason, and for others set forth below, transfer to and pretrial coordination in the District of New Jersey will most effectively promote the just and efficient conduct of these Related Actions.

## I.    INTRODUCTION

As of the date of this motion, three lawsuits alleging violations of state consumer fraud statutes, common law fraud and civil conspiracy have been filed in three federal district courts. One action has been filed in each of the District of New Jersey, the Northern District of California and the Southern District of Illinois.[1] Counsel for Movants are filing related actions across the country and expect to have actions pending in all fifty states and the District of Columbia (collectively, the three pending and all future actions are called the "Related Actions").

Movants move for the transfer of the Related Actions for coordinated pretrial proceedings, pursuant to 28 U.S.C. § 1407. All actions filed to date, as well as those Movants' counsel will continue to file, involve common questions of fact and, thus, "centralization of the cases will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Long-Distance Telephone Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006). Movants respectfully submit that the appropriate transferee forum is the United States District Court for the District of New Jersey. The District of New Jersey (i) has the resources, expertise, and docket to manage this matter expeditiously; and (ii) is the most convenient and easily accessible jurisdiction for the attorneys and witnesses in this action.

## II.    BACKGROUND

The Related Actions all allege that the largest manufacturers of lawn mowers and lawn mower engines entered into a conspiracy to (i) misrepresent and significantly overstate the horsepower produced by their lawn mower products; (ii) conceal, suppress and fail to disclose material information, including the true, significantly lower horsepower of Defendants' lawn

---

[1] A Schedule of Actions is attached hereto as Exhibit A.

mower products; and (iii) falsely advertise and sell lawn mowers at different prices containing identical engines that produce the same horsepower as different products with different horsepower labels or ratings—higher prices for falsely represented higher horsepower—while concealing, suppressing and failing to disclose material information, including the facts that the engines are identical and the true, significantly lower horsepower of the lawn mowers.

All of the Related Actions seek relief for violations of statutory consumer fraud laws, common law fraud, and civil conspiracy.

All of the Related Actions arise out of an action originally brought as an Illinois-only class action in Illinois state court on June 3, 2004. After that action was amended to add allegations and class representatives from 43 other states, Defendants removed the action to the U.S. District Court for the Southern District of Illinois on May 31, 2006. On August 1, 2006, Defendants moved to dismiss certain claims, including common law fraud, statutory Racketeer Influenced and Corrupt Organizations Act ("RICO") allegations and other claims brought under various state laws. On May 8, 2008, that Court issued a Memorandum and Order in which it dismissed the RICO allegations, and without addressing the specifics of the other counts, dismissed Plaintiffs' non-Illinois state claims without prejudice to refilling them in other jurisdictions, and noted that the "non-Illinois state claims will have to be litigated separately in local courts that are familiar with the appropriate underlying state law."

Consistent with that Court's order, on May 22, 2008, Plaintiff William Fritz brought an action in the District of New Jersey on behalf of a class of New Jersey consumers. On May 28, 2008 Plaintiff Carl Phillips brought an action in the Northern District of California on behalf of a class of California consumers. On May 29, 2008, Plaintiffs Ronne Phillips, Marc Parrone and James Schneider brought an amended action in the Southern District of Illinois on behalf of a

class of Illinois consumers. Counsel for Movants are filing Related Actions across the country on behalf of other plaintiffs and respective state Classes.

### III.    ARGUMENT

#### A.    Transfer and coordination under 28 U.S.C. § 1407 is warranted.

Transferring pending and future cases alleging that manufacturers of lawn mowers and lawn mower engines violated consumer fraud and conspiracy laws to a single district for pretrial proceedings is appropriate under 28 U.S.C. § 1407.  All such pending cases overlap in their factual allegations and share a multitude of "common questions of fact."  28 U.S.C. § 1407(a). All pending cases seek relief under state consumer fraud statutes, as well for common law fraud and civil conspiracy. All pending cases seek relief on behalf of purchasers of lawn mowers during the same relevant time period.  Hence, centralization under Section 1407 in a single district "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Long-Distance Telephone Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006).

#### B.    The District of New Jersey is the appropriate transferee forum.

Based on the Panel's jurisprudence, a number of potential transferee forums can be appropriate venues for nearly any multidistrict litigation. However, careful analysis of the key factors of accessibility, judicial expertise and efficiency make the United States District Court for the District of New Jersey the *most* appropriate district for transfer of the current and future Related Actions for pretrial proceedings.

A proposed transferee forum's accessibility to parties and witnesses is a factor that the Panel has given significant weight in choosing transferee forums. *See, e.g., In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (transferring actions to the District of New Jersey because it is "an accessible location"); *In re Ins. Brokerage Antitrust*

66024                                                              4

*Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005) (finding the District of New Jersey to be an "accessible metropolitan location" and transferring actions to that district). *See also, e.g., In re Trasylol Prods. Liab. Litig.*, MDL No. 1928, 2008 U.S. Dist. Lexis 28719, *3 (J.P.M.L. Apr. 7, 2008) (selecting transferee district based, in part, on its "accessible metropolitan location"); *In re Mirapex Prods. Liab. Litig.*, 493 F. Supp. 2d 1376, 1377 (J.P.M.L. 2007) (choosing transferee forum, in part, because it was "easily accessible"). The District of New Jersey is an easily accessible transferee forum, a consideration that is particularly important here, because, as set forth below, no single district is home to a majority of parties, witnesses and documents.

As previously indicated, Movants' counsel expects cases to be filed in all fifty states and the District of Columbia. Such geographic dispersion supports transfer to an easily accessible District. Additionally, as the following chart demonstrates, Defendants are also spread throughout the country:

| DEFENDANT | LOCATION OF PRINCIPAL PLACE OF BUSINESS |
|---|---|
| American Honda Motor Company, Inc. | Alpharetta, Georgia |
| Briggs & Stratton Corporation | Wauwatosa, Wisconsin |
| Deere & Company | Moline, Illinois |
| Electrolux Home Products, Inc. | Cleveland, Ohio |
| Husqvarna Outdoor Products, Inc. | Augusta, Georgia |
| Kawasaki Motors Corp. USA | Irvine, California |
| The Kohler Company | Kohler, Wisconsin |
| MTD Products Inc | Valley City, Ohio |
| Platinum Equity, LLC | Beverly Hills, California |
| Sears, Roebuck and Company | Hoffman Estates, Illinois |
| Tecumseh Products Company | Tecumseh, Michigan |

| The Toro Company | Bloomington, Minnesota |
|---|---|

Given this geographic dispersion, there are a number of districts that could claim proximity to certain documents, parties and witnesses. However, a district that offers great ease of access to the widespread parties and witnesses should be given deference. The Related Action filed in the District of New Jersey has been assigned to the Trenton division, an easily accessible locale.

Large, metropolitan airports are conveniently located within a reasonable distance from the courthouse for the District of New Jersey's Trenton division: the Philadelphia International Airport is approximately 43 miles away by automobile and is also accessible by commuter rail. Philadelphia International, the closest major airport to the Trenton division is ranked in the top ten airports in the country, as measured by the number of scheduled flights. It is served by 32 air passenger carriers, covering all regions of the United States. *See* http://www.transtats.bts.gov/airports.asp?pn=1. Newark Liberty International Airport is located approximately 57 miles away, is ranked fourteenth in the number of scheduled flights and is served by 31 air passenger carriers. *Id.*

In addition to the convenient air service, the Trenton, New Jersey metropolitan region offers hundreds of options for hotel lodging.

These factors favor the transfer of the Related Actions to the District of New Jersey. *See, e.g., In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (transferring actions to the District of New Jersey because it is "an accessible location").

**C.    The District of New Jersey has the necessary expertise and efficiency to manage this multidistrict litigation.**

### (1)    Expertise

The Related Action filed in the District of New Jersey has been assigned to Judge Joel A. Pisano, a highly respected, able and experienced jurist, skilled in presiding over complex litigation. Judge Pisano has more than eight years of experience as a U.S. District Court Judge following nine years experience as a federal Magistrate Judge. Judge Pisano has significant expertise and experience in handling complex litigation. For example, Judge Pisano ably presided over two of the largest securities class action lawsuits ever brought in this country, *In re Lucent Technologies Inc., Securities Litigation.* 327 F. Supp. 2d 426 (D.N.J. 2004) and *In re Royal Dutch/Shell Transport Securities Litigation* (see background of litigation at 2008 WL 1787032 at *1). Experience handling these complex cases uniquely suits Judge Pisano to handle *In re Lawn Mower Engines Horsepower Litigation.* As previously mentioned, Counsel for Movants anticipate that Related Actions will be filed in all fifty states and the District of Columbia, resulting in approximately fifty-one actions to be transferred for coordinated pretrial proceedings. Very similarly, *Lucent*, for example, arose from fifty-three separate actions. The size of the *Lucent* litigation, which resulted in one of the largest global settlements in securities class action history, the complex nature of the legal and practical issues involved in that case, and the sophisticated management skills necessary to manage it, exhibit Judge Pisano's expertise to handle complex multidistrict litigation.

### (2)    Efficiency

In selecting the most appropriate forum for multidistrict litigation, the Panel considers the speed and efficiency with which districts manage their caseloads. Statistics measuring median time from filing to disposition of civil actions are a strong indicator of how efficiently a court

can manage complex multidistrict litigation. *See, e.g., In re Preferential Drug Prods. Pricing Antitrust Litig.*, 429 F.Supp. 1027, 1029 (J.P.M.L. 1977) (transferring cases based in part upon transferee court's low median time between filing and disposition in civil actions); *In re Corn Derivatives Antitrust Litig.*, 486 F.Supp. 929, 932 (J.P.M.L. 1980) (fast docket cited as a consideration for selecting transferee's court).

As of September 30, 2007, the District of New Jersey's median time from filing to disposition of civil actions was 7.6 months, which is among the most efficient disposition times of all the Districts in the United States. *See* District of New Jersey Judicial Caseload Profile (attached hereto as Exhibit B); *and see generally* Judicial Caseload Profiles available at http://www.uscourts.gov/cgi-bin/cmsd2007.pl.

In selecting appropriate transferee districts, the Panel considers whether a proposed forum already has numerous pending multidistrict litigations. *See, e.g., In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d, 1378, 1380 (J.P.M.L. 2003) (transferring to a form that "is not currently overtaxed with other multidistrict dockets"). Judge Pisano is not currently presiding over any multidistrict proceedings.

Consequently, efficiency is served by transferring the cases to the District of New Jersey for pretrial coordination.

## IV. CONCLUSION

For the reasons set forth herein, the District of New Jersey is an appropriate district for transfer and pretrial coordination of the Related Actions. Movants respectfully request that the Panel transfer the Related Actions, and any future Related Action, to the United States District Court for the District New Jersey.

Dated: June 2, 2008

Respectfully submitted,

**HEINS MILLS & OLSON, P.L.C.**

By: _____

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Lisa J. Rodriguez
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
8 Kings Highway West
Haddonfield, NJ 08033
Telephone: (856) 795-9002

Ira Neil Richards
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
1717 Arch Street
Suite 3838
Philadelphia, PA 19103
Telephone: (215) 731-9004

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

Paul J. Scarlato
Daniel R. Karon
Brian D. Penny
**GOLDMAN SCARLATO & KARON**
101 West Elm Street, Suite 360
Conshohocken, PA  19428
Telephone: (484) 342-0700

**ATTORNEYS FOR PLAINTIFF WILLIAM
FRITZ**

Joseph R. Saveri
Michael W. Sobol
Eric B. Fastiff
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN  55403
Telephone:  (612) 338-4605

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

**ATTORNEYS FOR PLAINTIFF CARL
PHILLIPS**

JoDee Favre
FAVRE LAW OFFICE, LLC
121 East Main Street
Belleville, IL 62220
Telephone: (618) 236-7736

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

Daniel R. Karon
**GOLDMAN SCARLATO & KARON, P.C.**
55 Public Square, Suite 1500
Cleveland, OH 44113
Telephone: (216) 622-1851

Issac L. Diel
**SHARP MCQUEEN, P.A.**
6900 College Boulevard, Suite 285
Overland Park, KS 66211
Telephone: (913) 661-9931

Ann D. White
**ANN D. WHITE LAW OFFICES, P.C.**
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA 19046
Telephone: (215) 481-0274

William H. London
Douglas A. Millen
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015 USA
Telephone: (224) 632-4500

Paul J. Scarlato
**GOLDMAN SCARLATO & KARON, P.C.**
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: (484) 342-0700

Krishna B. Narine
**LAW OFFICE OF KRISHNA B. NARINE, P.C.**
7839 Montgomery Avenue, Third Floor
Elkins Park, PA 19027
Telephone: (215) 782-3240

**ATTORNEYS FOR PLAINTIFFS RONNIE PHILLIPS, CARL PARRONE AND JAMES SCHNEIDER**

# EXHIBIT A

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE LAWN MOWER ENGINES HORSEPOWER LITIGATION | :  MDL DOCKET NO. _____ |

**SCHEDULE OF RELATED LAWN MOWER ENGINES HORSEPOWER ACTIONS
FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** William Fritz **Movant:** William Fritz (D.N.J.), Carl Phillips (N.D. Cal.), and Ronnie Phillips, Marc Parrone and James Schneider (S.D. Ill.) **Defendants:** Sears, Roebuck and Company, Deere & Company, Tecumseh Products Company, Briggs & Stratton Corporation, Kawasaki Motors Corp. USA, MTD Products Inc, The Toro Company, American Honda Motor Company, Inc., Electrolux Home Products, Inc., The Kohler Company, Platinum Equity, LLC, and Husqvarna Outdoor Products, Inc. | D. New Jersey | 3:08-CV-02545 | Joel A. Pisano |

1

| **Plaintiffs:** Carl Phillips **Movant:** William Fritz (D.N.J.), Carl Phillips (N.D. Cal.), and Ronnie Phillips, Marc Parrone and James Schneider (S.D. Ill.) **Defendants:** Sears, Roebuck and Company, Deere & Company, Tecumseh Products Company, Briggs & Stratton Corporation, Kawasaki Motors Corp. USA, MTD Products Inc, The Toro Company, American Honda Motor Company, Inc., Electrolux Home Products, Inc., The Kohler Company, Platinum Equity, LLC, and Husqvarna Outdoor Products, Inc. | N.D. California | No. C 08-02671 SBA | Saundra B. Armstrong |
|---|---|---|---|
| **Plaintiffs:** Ronnie Phillips, Marc Parrone and James Schneider **Movant:** William Fritz (D.N.J.), Carl Phillips (N.D. Cal.), and Ronnie Phillips, Marc Parrone and James Schneider (S.D. Ill.) **Defendants:** Sears, Roebuck and Company, Deere & Company, Tecumseh Products Company, Briggs & Stratton | S.D. Illinois | No. 06-cv-0412-GPM/DGW | G. Patrick Murphy |

| Corporation, Kawasaki Motors Corp. USA, MTD Products Inc, The Toro Company, American Honda Motor Company, Inc., Electrolux Home Products, Inc., The Kohler Company, Platinum Equity, LLC, and Husqvarna Outdoor Products, Inc. | | | |
|---|---|---|---|

# EXHIBIT B

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | \multicolumn{6}{}{12-MONTH PERIOD ENDING SEPTEMBER 30} | | |
|---|---|---|---|---|---|---|---|---|---|---|

| **NEW JERSEY** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | \multicolumn{2}{}{Numerical Standing} |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | \multicolumn{2}{}{Filings*} | 7,699 | 7,275 | 7,539 | 7,567 | 7,270 | 7,555 | | |
| | \multicolumn{2}{}{Terminations} | 7,752 | 7,480 | 7,605 | 7,373 | 6,998 | 7,125 | | |
| | \multicolumn{2}{}{Pending} | 6,892 | 6,855 | 6,987 | 6,986 | 6,765 | 6,538 | | |
| | % Change in Total Filings | Over Last Year | | 5.8 | | | | | 21 | 1 |
| | | Over Earlier Years | | | 2.1 | 1.7 | 5.9 | 1.9 | 32 | 3 |
| | \multicolumn{2}{}{Number of Judgeships} | 17 | 17 | 17 | 17 | 17 | 17 | | |
| | \multicolumn{2}{}{Vacant Judgeship Months**} | .0 | 32.3 | 27.8 | 12.0 | 11.0 | 47.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 454 | 428 | 444 | 446 | 428 | 445 | 38 | 3 |
| | | Civil | 392 | 369 | 387 | 390 | 370 | 387 | 23 | 3 |
| | | Criminal Felony | 51 | 51 | 48 | 46 | 48 | 49 | 71 | 3 |
| | | Supervised Release Hearings** | 11 | 8 | 9 | 10 | 10 | 9 | 82 | 3 |
| | \multicolumn{2}{}{Pending Cases} | 405 | 403 | 411 | 411 | 398 | 385 | 36 | 4 |
| | \multicolumn{2}{}{Weighted Filings**} | 496 | 481 | 493 | 500 | 486 | 482 | 31 | 2 |
| | \multicolumn{2}{}{Terminations} | 456 | 440 | 447 | 434 | 412 | 419 | 37 | 3 |
| | \multicolumn{2}{}{Trials Completed} | 13 | 11 | 10 | 10 | 10 | 12 | 72 | 5 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 10.8 | 12.1 | 10.0 | 9.8 | 9.0 | 9.4 | 67 | 3 |
| | | Civil** | 7.6 | 8.2 | 7.3 | 7.6 | 7.9 | 8.4 | 24 | 3 |
| | \multicolumn{2}{}{From Filing to Trial** (Civil Only)} | 36.0 | 33.0 | 36.7 | 33.4 | 33.8 | 30.0 | 75 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 316 | 306 | 346 | 252 | 236 | 231 | | |
| | | Percentage | 5.3 | 5.2 | 5.7 | 4.2 | 4.0 | 4.0 | 56 | 3 |
| | \multicolumn{2}{}{Average Number of Felony Defendants Filed Per Case} | 1.2 | 1.2 | 1.3 | 1.2 | 1.2 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | 67.94 | 88.98 | 75.41 | 40.79 | 51.72 | 41.77 | | |
| | | Percent Not Selected or Challenged | 34.9 | 39.2 | 38.3 | 24.1 | 40.3 | 37.7 | | |

| **2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 6657 | 205 | 630 | 1091 | 95 | 177 | 630 | 1013 | 710 | 420 | 924 | 35 | 727 |
| Criminal* | 846 | 4 | 258 | 37 | 109 | 219 | 46 | 36 | 9 | 21 | 32 | 25 | 50 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."