**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE LAWNMOWER ENGINES HORSEPOWER MARKETING & SALES PRACTICES LITIGATION | : : : : | MDL DOCKET NO. 1971 |

**REPLY OF PLAINTIFFS WILLIAM FRITZ, CARL PHILLIPS, RONNIE PHILLIPS, MARC PARRONE AND JAMES SCHNEIDER IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs William Fritz (D.N.J.), Carl Phillips (N.D. Cal.), and Ronnie Phillips, Marc Parrone and James Schneider (S.D. Ill.) (collectively, "Movants") respectfully submit this reply in further support of their motion for transfer of related *Lawnmower Engines Horsepower Marketing and Sales Practices* actions to the United States District Court for the District of New Jersey for consolidated pretrial proceedings. Movants submit this reply to the joint response filed by Defendants Sears, Roebuck & Co., Briggs & Stratton Corporation, Tecumseh Products Company, The Toro Company, Deere & Company, Kawasaki Motors Corp. U.S.A., The Kohler Company, Electrolux Home Products, Inc., and Husqvarna Outdoor Products Inc. ("Joint Defendants"), who favor transfer to the Southern District of Illinois ("Southern Illinois") or the Northern District of Illinois ("Northern Illinois").

66023

Defendant MTD Products Inc supports Movants' motion for transfer to the District of New Jersey. Defendants American Honda Company, Inc. and Platinum Equity, LLC have not opposed Movants' motion and have not supported Joint Defendants' response.

## I. ARGUMENT

Despite the voluminous briefing (memorandum, response, exhibits and reasons for oral argument) submitted by Joint Defendants, it remains clear that the District of New Jersey is the most sensible forum for this litigation. The District of New Jersey is the most convenient forum for this litigation and is far better positioned to facilitate the efficient management of this litigation than the Districts Joint Defendants support. There are simply no compelling reasons to transfer the related actions to any of the other candidate forums.

### A. The District of New Jersey is the most experienced and has more expertise in efficiently handling complex multidistrict litigation than the Southern or Northern Districts of Illinois

The District of New Jersey has more experience and expertise in handling multidistrict litigation than Southern and Northern Illinois. The Judicial Panel on Multidistrict Litigation (the "Panel") has confidently tasked the District of New Jersey with MDLs covering a broad range of subject areas, including marketing and sales practices (such as the instant litigation), products liability, antitrust, securities fraud, patent disputes, banking and insurance issues, contracts and other substantive areas. The District of New Jersey has seventeen judgeships and no vacant judgeship months. *Judicial Caseload Profile, District of New Jersey* (attached hereto as Exhibit A). Its median time from filing to disposition of a civil case is 7.6 months, *id.*, faster than the national average of 8.6 months, *Judicial Caseload Profile, U.S. District Courts* (attached hereto as Exhibit B), faster than Southern Illinois' average of 8.5 months, *Judicial Caseload Profile, Southern District of Illinois* (attached hereto as Exhibit C) and not significantly different than

Northern Illinois' average of 6.2 months. *Judicial Caseload Profile, Northern District of Illinois* (attached hereto as Exhibit D). Further, the District of New Jersey judge assigned to this litigation—The Honorable Joel A. Pisano—has significant experience in efficiently and effectively handling complex litigation, *Memo. Supporting Plaintiffs' Mot.* at 7, but does not currently have MDL litigation before him. *Distribution of Pending MDL Dockets* at 7 (attached hereto as Exhibit E).

Conversely, Southern Illinois apparently has never handled a marketing and sales practices MDL and accordingly has no experience in doing so. It has only four judgeships and, as mentioned above, its average disposition of civil cases takes longer than both the Districts of New Jersey and Northern Illinois. *See Exhibits A, C and D*. Further, the Southern Illinois judge is currently presiding over two MDLs[1] and a motion is pending to send him a third.[2] Joint Defendants response proposes overwhelming his docket with a potential fourth. Southern Illinois's busy MDL docket counsels against transferring the *Lawnmower* litigation to Southern Illinois.

Northern Illinois has experience in handling marketing and sales practices MDLs, but there is no *Lawnmower* action pending there and, as explained below, the District has no special or particular experience or expertise with this or any other lawnmower or small engines horsepower litigation. Further, although Northern Illinois has twenty-two judgeships, it currently has 15.8 vacant judgeship months. *Exhibit D*. As mentioned above, its average time for disposition of civil cases is faster than Southern Illinois, but not significantly different than the average disposition time in the District of New Jersey. *See Exhibits A, C and D*. Northern

---

[1] The Honorable G. Patrick Murphy has pending before him *In re Profiler Products Liability Litigation*, MDL No. 1748 and *In re General Motors Corp. Dex-Cool Products Liability Litigation*, MDL No. 1562. *Exhibit E* at 4.
[2] Movants in *In re Aftermarket Filters Antitrust Litigation*, MDL No. 1957, have moved for transfer of the related *Filters* actions to Judge Murphy.

Illinois' lack of a *Lawnmower* action, lack of a special or particular connection to this litigation and vacant judgeship months counsel against transferring the *Lawnmower* litigation to Northern Illinois.

For these reasons, and those stated below, the most appropriate forum is the District of New Jersey.

**B. Northern Illinois has no special or particular connection to the *Lawnmower* litigation**

Northern Illinois has no special or particular connection to this litigation. While one Defendant is headquartered in a suburb nearby the courthouse and that Defendant's counsel are located in Northern Illinois, those facts do not take precedence over the fact that Plaintiffs are spread throughout the country and wish to coordinate their pretrial proceedings in the District of New Jersey.

Joint Defendants attempt to use the distance of the Defendants and counsel from certain forums as reasons to transfer to another "closer" forum. In reality, the distance of the parties does not differ significantly between Northern Illinois and the District of New Jersey. For example, the closest party to Northern Illinois' Chicago courthouse is Defendant Sears, which is headquartered roughly thirty-seven miles away in Hoffman Estates, Illinois. The furthest party is Movant Plaintiff Carl Phillips, who lives approximately 2,080 miles away in Vacaville, California. The distances relating to the District of New Jersey are similar. For example, the closest party to the District of New Jersey's Trenton courthouse is Movant Plaintiff William Fritz, who lives less than fourteen miles away in Princeton, New Jersey. The furthest party

opposing the District of New Jersey is Defendant Kawasaki, which is headquartered

approximately 2,732 miles away in Irvine, California.[3]

### C. The Panel has transferred sales practices litigation from both Northern and Southern Illinois to the District of New Jersey

As Joint Defendants note in their memorandum, the *Lawnmower Engines Horsepower*

*Marketing & Sales Practices* actions arise out of litigation brought in state court as a class action

that was removed to the Southern District of Illinois. Significantly, the Panel has previously

transferred from both Northern and Southern Illinois to the District of New Jersey sales practices

litigation with procedural posture very similar to the *Lawnmower* action. In *In re Prudential Ins.*

*Co. America Sales Practices Litigation Agent Actions*, a class action brought in Illinois state

court was removed to Southern Illinois and transferred by the Panel to the District of New

Jersey. 148 F.3d 283, 292 (3d Cir. 1998) (describing the litigation's procedural history); *In re*

*Prudential Ins. Co. of America Sales Practices Litigation*, 314 F.3d 99, 102 (3d Cir. 2002)

(describing the same with regard to Northern Illinois).

The Panel has never transferred sales practices litigation from New Jersey to Northern or

Southern Illinois. For these reasons, and those stated above, the most appropriate forum is the

District of New Jersey.

### D. The length of time a case has been pending, or the fact that a case has developed some procedural history, are not reasons to transfer related actions to a certain District

Joint Defendants argue that because a related *Lawnmower* action has been pending in

Southern Illinois for approximately two years, related actions should be transferred to Southern

Illinois. Such an argument is unpersuasive based upon both the facts of this litigation and the

Panel's jurisprudence. For the vast majority of those two years, the parties in Southern Illinois

---

[3] Movant Plaintiff Carl Phillips lives about 2,843 miles from the District of New Jersey's Trenton courthouse, but he supports transfer to that District. Defendant Platinum Equity is headquartered approximately 2,745 miles away in Beverly Hills, California, but it has not opposed transfer to the District of New Jersey.

have waited for the Court's ruling on Defendants' motions to dismiss. The case was removed to

Southern Illinois on May 31, 2006. On August 1, 2006, Defendants moved to dismiss. On

August 29, 2006, the Court heard oral argument. All litigation was stayed pending the Court's

Memorandum and Order regarding the motions to dismiss. Approximately twenty-one months

after the hearing, on May 8, 2008, the Court issued a Memorandum and Order dismissing RICO

allegations, and without addressing the specifics of the other counts, dismissed Plaintiffs' non-

Illinois state claims without prejudice. *Memo. & Order*, May 8, 2008, *Phillips v. Sears, Roebuck*

*& Co.*, Civil No. 06-412-GPM, S.D. Ill. (attached hereto as Exhibit F). The timing of this

Memorandum and Order is evidence of the Court's busy docket and two other pending MDLs.

Additionally, the Court has not made any findings on any grounds regarding the

remaining claims. It is certain that Defendants will move to dismiss the operative complaint.

Accordingly, this litigation is not significantly advanced in Southern Illinois more than in any

other Court.

Further, the Panel has routinely transferred cases pending for extended periods of time. In

*In re Excess Value Insurance Coverage Litigation*, the Southern District of New York noted that

that the Panel transferred litigation filed years earlier in another court. 2004 WL 1724980, *1,

No. M-21-84RMB, MDL No. 1339 (S.D.N.Y. July 30, 2004). Additionally, *Stein Jewelry Co. v.*

*United Parcel Service, Inc.*, a case related to the *Excess Value Insurance Coverage Litigation*

(*see* immediately previous cite), was—much like the Southern Illinois *Lawnmower* action—filed

in Mississippi state court, removed to Northern District of Mississippi and transferred to the

Southern District of New York fourteen months later. 228 F.Supp.2d 304, 305 (S.D.N.Y. 2002).

As noted above, the passage of time has not deterred the Panel from transferring litigation

out of Southern Illinois. Nor has procedural history. *In re Managed Care Litigation*, 246

F.Supp.2d 1363, 1365-66 (J.P.M.L. 2003) (transferring a case with a pending settlement from

Southern Illinois to the Southern District of Florida); *In re Mut. Funds Inv. Litigation*, 437

F.Supp.2d 439, 442 (D. Md. 2006) (Illinois state court class actions removed to the Southern

District and transferred to the District of Maryland while motions to dismiss were pending). The

fact that the Southern Illinois action has been pending for approximately two years and has

developed some procedural history are not reasons to transfer the cases to that District, especially

in light of the other factors counseling against Southern Illinois.

For these reasons, and those stated above, the most appropriate forum is the District of

New Jersey.

### E. Movants are complying with the Southern Illinois Court order

Joint Defendants' attempt to make much of the fact that Movants filed the first action

related to the *Lawnmower* litigation in state court in southern Illinois and argue that the actions

should be sent to Southern Illinois. By filing in other jurisdictions, however, Plaintiffs are doing

exactly as they were told by the Southern Illinois Court. In its May 8, 2008 Order, that Court

dismissed "all non-Illinois state claims . . . without prejudice to refiling them *in another*

*jurisdiction.*" *Exhibit F* at 11 (emphasis added). The Court also granted Plaintiffs leave to file in

Southern Illinois an "amended complaint which re-pleads *the Illinois claims only.*" *Id.* at 12

(emphasis added). Given Southern Illinois' busy docket as described above, Movants seek

transfer of the related actions to the District of New Jersey for coordinated pretrial proceedings

because the *Lawnmower* action there has been assigned to a judge experienced in handling

complex litigation who also has a docket that can accommodate an MDL. These reasons strongly

counsel against transferring the *Lawnmower* actions to Southern Illinois and counsel for

transferring the actions to the District of New Jersey.

## II. CONCLUSION

For all of the reasons above and those in the Memorandum supporting their motion,

Movants respectfully request that the Panel transfer the related *Lawnmower* actions for

coordinated pretrial proceedings to the District of New Jersey and assign them to District Judge

Joel A. Pisano.

Dated: July 1, 2008                         Respectfully submitted,

                                            **HEINS MILLS & OLSON, P.L.C.**

                            By: _____
                                            Samuel D. Heins
                                            Vincent J. Esades
                                            Scott W. Carlson
                                            Katherine T. Kelly
                                            310 Clifton Avenue
                                            Minneapolis, MN 55403
                                            Telephone: (612) 338-4605

                                            Lisa J. Rodriguez
                                            **TRUJILLO RODRIGUEZ & RICHARDS, LLC**
                                            8 Kings Highway West
                                            Haddonfield, NJ 08033
                                            Telephone: (856) 795-9002

                                            Ira Neil Richards
                                            **TRUJILLO RODRIGUEZ & RICHARDS, LLC**
                                            1717 Arch Street
                                            Suite 3838
                                            Philadelphia, PA 19103
                                            Telephone: (215) 731-9004

                                            Brian M. Sund
                                            Eric G. Nasstrom
                                            Joshua G. Hauble
                                            **MORRISON FENSKE & SUND, P.A.**
                                            5125 County Road 101, Suite 102
                                            Minnetonka, MN 55345

Telephone: (952) 975-0050

Paul J. Scarlato
Daniel R. Karon
Brian D. Penny
**GOLDMAN SCARLATO & KARON**
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: (484) 342-0700

**ATTORNEYS FOR PLAINTIFF WILLIAM
FRITZ**

Joseph R. Saveri
Michael W. Sobol
Eric B. Fastiff
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

**ATTORNEYS FOR PLAINTIFF CARL
PHILLIPS**

JoDee Favre
FAVRE LAW OFFICE, LLC
121 East Main Street
Belleville, IL 62220
Telephone: (618) 236-7736

Samuel D. Heins

66023

9

Vincent J. Esades
Scott W. Carlson
Katherine T. Kelly
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605

Brian M. Sund
Eric G. Nasstrom
Joshua G. Hauble
MORRISON FENSKE & SUND, P.A.
5125 County Road 101, Suite 102
Minnetonka, MN 55345
Telephone: (952) 975-0050

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113
Telephone: (216) 622-1851

Issac L. Diel
SHARP MCQUEEN, P.A.
6900 College Boulevard, Suite 285
Overland Park, KS 66211
Telephone: (913) 661-9931

Ann D. White
ANN D. WHITE LAW OFFICES, P.C.
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA 19046
Telephone: (215) 481-0274

William H. London
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015 USA
Telephone: (224) 632-4500

Paul J. Scarlato
GOLDMAN SCARLATO & KARON, P.C.
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: (484) 342-0700

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE,
P.C.
7839 Montgomery Avenue, Third Floor
Elkins Park, PA 19027
Telephone: (215) 782-3240

**ATTORNEYS FOR PLAINTIFFS RONNIE PHILLIPS, CARL PARRONE AND JAMES SCHNEIDER**

# Exhibit A

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **NEW JERSEY** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | | | |
| OVERALL CASELOAD STATISTICS | | Filings* | 7,699 | 7,275 | 7,539 | 7,567 | 7,270 | 7,555 | | U.S. | Circuit |
| | | Terminations | 7,752 | 7,480 | 7,605 | 7,373 | 6,998 | 7,125 | | | |
| | | Pending | 6,892 | 6,855 | 6,987 | 6,986 | 6,765 | 6,538 | | | |
| | % Change in Total Filings | Over Last Year | | 5.8 | | | | | | 21 | 1 |
| | | Over Earlier Years | | | 2.1 | 1.7 | 5.9 | 1.9 | | 32 | 3 |
| | Number of Judgeships | | 17 | 17 | 17 | 17 | 17 | 17 | | | |
| | Vacant Judgeship Months** | | .0 | 32.3 | 27.8 | 12.0 | 11.0 | 47.8 | | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 454 | 428 | 444 | 446 | 428 | 445 | | 38 | 3 |
| | | Civil | 392 | 369 | 387 | 390 | 370 | 387 | | 23 | 3 |
| | | Criminal Felony | 51 | 51 | 48 | 46 | 48 | 49 | | 71 | 3 |
| | | Supervised Release Hearings** | 11 | 8 | 9 | 10 | 10 | 9 | | 82 | 3 |
| | Pending Cases | | 405 | 403 | 411 | 411 | 398 | 385 | | 36 | 4 |
| | Weighted Filings** | | 496 | 481 | 493 | 500 | 486 | 482 | | 31 | 2 |
| | Terminations | | 456 | 440 | 447 | 434 | 412 | 419 | | 37 | 3 |
| | Trials Completed | | 13 | 11 | 10 | 10 | 10 | 12 | | 72 | 5 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 10.8 | 12.1 | 10.0 | 9.8 | 9.0 | 9.4 | | 67 | 3 |
| | | Civil** | 7.6 | 8.2 | 7.3 | 7.6 | 7.9 | 8.4 | | 24 | 3 |
| | From Filing to Trial** (Civil Only) | | 36.0 | 33.0 | 36.7 | 33.4 | 33.8 | 30.0 | | 75 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 316 | 306 | 346 | 252 | 236 | 231 | | | |
| | | Percentage | 5.3 | 5.2 | 5.7 | 4.2 | 4.0 | 4.0 | | 56 | 3 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.2 | 1.3 | 1.2 | 1.2 | 1.2 | | | |
| | Jurors | Avg. Present for Jury Selection | 67.94 | 88.98 | 75.41 | 40.79 | 51.72 | 41.77 | | | |
| | | Percent Not Selected or Challenged | 34.9 | 39.2 | 38.3 | 24.1 | 40.3 | 37.7 | | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 6657 | 205 | 630 | 1091 | 95 | 177 | 630 | 1013 | 710 | 420 | 924 | 35 | 727 |
| Criminal* | 846 | 4 | 258 | 37 | 109 | 219 | 46 | 36 | 9 | 21 | 32 | 25 | 50 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.

\*\* See "Explanation of Selected Terms."

# Exhibit B

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| **ALL DISTRICT COURTS** | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | 335,655 | 335,868 | 330,721 | 358,983 | 328,520 | 344,546 | | |
| | Terminations | 317,277 | 350,807 | 347,196 | 324,532 | 323,399 | 323,629 | | |
| | Pending | 324,673 | 309,006 | 323,914 | 341,785 | 312,223 | 312,971 | | |
| | % Change in Total Filings — Over Last Year | | -.1 | | | | | - | - |
| | % Change in Total Filings — Over Earlier Years | | | 1.5 | -6.5 | 2.2 | -2.6 | - | - |
| | Number of Judgeships | 678 | 678 | 678 | 679 | 680 | 665 | | |
| | Vacant Judgeship Months** | 424.7 | 399.3 | 309.2 | 291.4 | 444.8 | 793.4 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS — Total | 495 | 495 | 488 | 528 | 483 | 518 | - | - |
| | FILINGS — Civil | 380 | 383 | 374 | 414 | 372 | 413 | - | - |
| | FILINGS — Criminal Felony | 85 | 84 | 87 | 88 | 87 | 84 | - | - |
| | FILINGS — Supervised Release Hearings** | 30 | 28 | 27 | 26 | 24 | 21 | | |
| | Pending Cases | 479 | 456 | 478 | 503 | 459 | 471 | - | - |
| | Weighted Filings** | 477 | 464 | 489 | 529 | 498 | 504 | - | - |
| | Terminations | 468 | 517 | 512 | 478 | 476 | 487 | - | - |
| | Trials Completed | 20 | 19 | 19 | 19 | 19 | 19 | - | - |
| **MEDIAN TIMES (months)** | From Filing to Disposition — Criminal Felony | 7.6 | 7.6 | 7.3 | 6.9 | 6.7 | 6.8 | - | - |
| | From Filing to Disposition — Civil** | 8.6 | 8.3 | 9.5 | 8.5 | 9.3 | 8.7 | - | - |
| | From Filing to Trial** (Civil Only) | 24.6 | 23.2 | 22.5 | 22.6 | 22.5 | 21.8 | - | - |
| **OTHER** | Civil Cases Over 3 Years Old** — Number | 17,446 | 27,574 | 39,600 | 35,965 | 34,067 | 34,067 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 6.6 | 11.0 | 14.9 | 12.6 | 13.0 | 12.8 | - | - |
| | Average Number of Felony Defendants Filed Per Case | 1.4 | 1.4 | 1.4 | 1.4 | 1.4 | 1.4 | | |
| | Jurors — Avg. Present for Jury Selection | 49.32 | 49.61 | 47.36 | 46.33 | 47.81 | 45.54 | | |
| | Jurors — Percent Not Selected or Challenged | 37.3 | 38.1 | 36.7 | 36.8 | 40.0 | 39.3 | | |

| **2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 257507 | 12974 | 36469 | 53945 | 3794 | 5180 | 18674 | 33939 | 24890 | 10783 | 31756 | 1038 | 24065 |
| Criminal* | 57172 | 4120 | 11560 | 16593 | 8212 | 6854 | 1987 | 2446 | 808 | 1426 | 822 | 769 | 1575 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# Exhibit C

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| ILLINOIS SOUTHERN | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | 1,407 | 1,529 | 1,606 | 1,578 | 1,552 | 3,248 | U.S. | Circuit |
| | Terminations | 1,578 | 1,617 | 1,597 | 1,504 | 1,457 | 3,263 | | |
| | Pending | 1,266 | 1,429 | 1,515 | 1,500 | 1,417 | 1,332 | | |
| | % Change in Total Filings — Over Last Year | | -8.0 | | | | | 75 | 5 |
| | % Change in Total Filings — Over Earlier Years | | | -12.4 | -10.8 | -9.4 | -56.7 | 93 | 7 |
| | Number of Judgeships | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | .0 | .0 | .0 | .0 | .0 | .0 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS — Total | 352 | 382 | 402 | 395 | 388 | 812 | 68 | 6 |
| | FILINGS — Civil | 256 | 290 | 317 | 317 | 285 | 746 | 61 | 5 |
| | FILINGS — Criminal Felony | 58 | 59 | 56 | 46 | 75 | 46 | 61 | 5 |
| | FILINGS — Supervised Release Hearings** | 38 | 33 | 29 | 32 | 28 | 20 | 18 | 1 |
| | Pending Cases | 317 | 357 | 379 | 375 | 354 | 333 | 64 | 5 |
| | Weighted Filings** | 341 | 352 | 386 | 390 | 399 | 468 | 72 | 7 |
| | Terminations | 395 | 404 | 399 | 376 | 364 | 816 | 60 | 4 |
| | Trials Completed | 32 | 27 | 27 | 18 | 19 | 23 | 14 | 1 |
| **MEDIAN TIMES (months)** | From Filing to Disposition — Criminal Felony | 9.6 | 9.2 | 10.4 | 8.8 | 6.8 | 7.3 | 61 | 5 |
| | From Filing to Disposition — Civil** | 8.5 | 8.4 | 9.5 | 9.7 | 9.0 | 2.1 | 38 | 4 |
| | From Filing to Trial** (Civil Only) | 31.5 | 20.0 | 29.3 | 20.0 | 23.0 | 18.0 | 69 | 6 |
| **OTHER** | Civil Cases Over 3 Years Old** — Number | 79 | 77 | 74 | 72 | 67 | 62 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 7.5 | 6.2 | 5.7 | 5.4 | 5.5 | 5.2 | 74 | 7 |
| | Average Number of Felony Defendants Filed Per Case | 1.6 | 1.4 | 1.7 | 1.7 | 1.6 | 1.9 | | |
| | Jurors — Avg. Present for Jury Selection | 30.11 | 28.00 | 32.32 | 39.83 | 48.95 | 42.13 | | |
| | Jurors — Percent Not Selected or Challenged | 20.3 | 20.9 | 30.0 | 41.8 | 51.1 | 38.6 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1025 | 23 | 154 | 248 | 16 | 29 | 70 | 90 | 170 | 13 | 126 | 1 | 85 |
| Criminal* | 231 | 9 | 81 | 21 | 33 | 22 | 9 | 29 | 8 | 5 | 2 | 3 | 9 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# Exhibit D

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| ILLINOIS NORTHERN | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 8,422 | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | U.S. | Circuit |
| | Terminations | 7,929 | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | | |
| | Pending | 8,091 | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | | |
| | % Change in Total Filings — Over Last Year | | 4.1 | | | | | 27 | 2 |
| | % Change in Total Filings — Over Earlier Years | | | -7.0 | -20.4 | -24.3 | -24.4 | 81 | 6 |
| Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| Vacant Judgeship Months** | | 15.8 | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 382 | 367 | 412 | 481 | 505 | 506 | 62 | 4 |
| | FILINGS — Civil | 346 | 330 | 369 | 437 | 461 | 459 | 36 | 3 |
| | FILINGS — Criminal Felony | 24 | 26 | 34 | 32 | 38 | 39 | 93 | 7 |
| | FILINGS — Supervised Release Hearings** | 12 | 11 | 9 | 12 | 6 | 8 | 77 | 6 |
| | Pending Cases | 368 | 351 | 360 | 350 | 395 | 390 | 48 | 3 |
| | Weighted Filings** | 462 | 443 | 485 | 512 | 526 | 525 | 39 | 3 |
| | Terminations | 360 | 375 | 400 | 521 | 495 | 487 | 66 | 5 |
| | Trials Completed | 11 | 11 | 13 | 12 | 12 | 14 | 86 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 14.7 | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 90 | 7 |
| | From Filing to Disposition — Civil** | 6.2 | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | 29.7 | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 65 | 5 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 456 | 500 | 388 | 337 | 442 | 461 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 6.5 | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 65 | 6 |
| | Average Number of Felony Defendants Filed Per Case | 1.7 | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | | |
| | Jurors — Avg. Present for Jury Selection | 45.20 | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | | |
| | Jurors — Percent Not Selected or Challenged | 31.8 | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7620 | 118 | 150 | 701 | 53 | 55 | 1504 | 902 | 563 | 428 | 1614 | 23 | 1509 |
| Criminal* | 527 | 1 | 152 | 59 | 43 | 107 | 80 | 13 | 6 | 17 | 11 | 11 | 27 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# Exhibit E

## DISTRIBUTION OF PENDING MDL DOCKETS

(AS OF MARCH 10, 2008)

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| ARE | D.J. William R. Wilson, Jr. | MDL-1507  IN RE: Prempro Products Liability Litigation | 3,741 | 4,569 |
| ARW | D.J. Harry F. Barnes | MDL-1832  IN RE: Pilgrim's Pride Fair Labor Standards Act Litigation | 16 | 16 |
| AZ | D.J. Mary H. Murguia | MDL-1910  IN RE: Phoenix Licensing, L.L.C., Patent Litigation | 7 | 7 |
|  | Sr.J. Paul G. Rosenblatt | MDL-1541  IN RE: Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| CAC | D.J. David O. Carter | MDL-1807  IN RE: Wachovia Securities, LLC, Wage and Hour Litigation | 17 | 20 |
|  | D.J. Dale S. Fischer | MDL-1822  IN RE: Bluetooth Headset Products Liability Litigation | 27 | 27 |
|  | D.J. Dale S. Fischer | MDL-1897  IN RE: Mattel, Inc., Toy Lead Paint Products Liability Litigation | 20 | 20 |
|  | D.J. R. Gary Klausner | MDL-1816  IN RE: Katz Interactive Call Processing Patent Litigation | 53 | 54 |
|  | D.J. R. Gary Klausner | MDL-1864  IN RE: Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
|  | D.J. S. James Otero | MDL-1891  IN RE: Korean Air Lines Co., Ltd., Antitrust Litigation | 70 | 70 |
|  | Sr.J. Mariana R. Pfaelzer | MDL-1574  IN RE: Paxil Products Liability Litigation | 6 | 149 |
|  | D.J. Manuel L. Real | MDL-1737  IN RE: American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
|  | D.J. Christina A. Snyder | MDL-1671  IN RE: Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 9 | 12 |
|  | D.J. Christina A. Snyder | MDL-1825  IN RE: Midland National Life Insurance Co. Annuity Sales Practices Litigation | 2 | 2 |
|  | C.J. Alicemarie H. Stotler | MDL-1803  IN RE: Banc of America Investment Services, Inc., Overtime Pay Litigation | 5 | 5 |
|  | D.J. Stephen V. Wilson | MDL-1745  IN RE: Live Concert Antitrust Litigation | 22 | 22 |

| District | Judge | Litigation | | |
|---|---|---|---|---|
| CAN | D.J. William H. Alsup | MDL-1826 IN RE: Graphics Processing Units Antitrust Litigation | 51 | 52 |
| | D.J. Saundra Brown Armstrong | MDL-1781 IN RE: Cintas Corp. Overtime Pay Arbitration Litigation | 71 | 71 |
| | D.J. Saundra Brown Armstrong | MDL-1809 IN RE: Terminix Employment Practices Litigation | 2 | 2 |
| | D.J. Charles R. Breyer | MDL-1699 IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation | 1,753 | 2,017 |
| | D.J. Charles R. Breyer | MDL-1793 IN RE: International Air Transportation Surcharge Antitrust Litigation | 101 | 102 |
| | D.J. Charles R. Breyer | MDL-1913 IN RE: Transpacific Passenger Air Transportation Antitrust Litigation | 16 | 16 |
| | Sr.J. Samuel Conti | MDL-1917 IN RE: Cathode Ray Tube (CRT) Antitrust Litigation | 15 | 15 |
| | D.J. Phyllis J. Hamilton | MDL-1486 IN RE: Dynamic Random Access Memory (DRAM) Antitrust Litigation | 26 | 45 |
| | D.J. Susan Y. Illston | MDL-1827 IN RE: TFT-LCD (Flat Panel) Antitrust Litigation | 135 | 135 |
| | D.J. Martin J. Jenkins | MDL-1648 IN RE: Rubber Chemicals Antitrust Litigation | 10 | 14 |
| | D.J. Marilyn Hall Patel | MDL-1770 IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation | 4 | 4 |
| | D.J. Marilyn Hall Patel | MDL-1841 IN RE: Wells Fargo Loan Processor Overtime Pay Litigation | 2 | 2 |
| | C.J. Vaughn R. Walker | MDL-1606 IN RE: Deep Vein Thrombosis Litigation | 5 | 84 |
| | C.J. Vaughn R. Walker | MDL-1791 IN RE: National Security Agency Telecommunications Records Litigation | 48 | 49 |
| | D.J. James Ware | MDL-1665 IN RE: Acacia Media Technologies Corp. Patent Litigation | 22 | 23 |
| | D.J. Claudia Wilken | MDL-1819 IN RE: Static Random Access Memory (SRAM) Antitrust Litigation | 81 | 82 |
| | D.J. Ronald M. Whyte | MDL-1423 IN RE: Cygnus Telecommunications Technology, LLC, Patent Litigation | 3 | 30 |
| | D.J. Ronald M. Whyte | MDL-1754 IN RE: Apple iPod nano Products Liability Litigation | 5 | 8 |
| CAS | D.J. Roger T. Benitez | MDL-1806 IN RE: Morgan Stanley & Co., Inc., Overtime Pay Litigation (No. II) | 11 | 11 |
| | D.J. Roger T. Benitez | MDL-1889 IN RE: Peregrine Systems, Inc., Securities Litigation | 35 | 35 |
| | Sr.J. Napoleon A. Jones, Jr. | MDL-1296 IN RE: Alliance Equipment Lease Program Securities Litigation | 1 | 27 |
| | D.J. Jeffrey T. Miller | MDL-1751 IN RE: Jamster Marketing Litigation | 5 | 5 |
| CO | D.J. Robert E. Blackburn | MDL-1788 IN RE: Qwest Communications International, Inc., Securities & "ERISA" Litigation (No. II) | 8 | 30 |
| | D.J. Wiley Y. Daniel | MDL-1743 IN RE: American Family Mutual Insurance Co. Overtime Pay Litigation | 2 | 2 |
| CT | Sr.J. Alfred V. Covello | MDL-1568 IN RE: Parcel Tanker Shipping Services Antitrust Litigation | 2 | 18 |
| | D.J. Christopher F. Droney | MDL-1894 IN RE: U.S. Foodservice, Inc. Pricing Litigation | 3 | 3 |
| | D.J. Alvin W. Thompson | MDL-1463 IN RE: Xerox Corp. Securities Litigation | 22 | 22 |
| | D.J. Stefan R. Underhill | MDL-1542 IN RE: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation | 15 | 15 |
| | D.J. Stefan R. Underhill | MDL-1631 IN RE: Publication Paper Antitrust Litigation | 28 | 31 |
| | D.J. Stefan R. Underhill | MDL-1642 IN RE: Polychloroprene Rubber (CR) Antitrust Litigation | 9 | 9 |
| | D.J. Stefan R. Underhill | MDL-1649 IN RE: Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002 | 4 | 4 |

| District | Judge | Litigation | | |
|---|---|---|---|---|
| DC | D.J. John D. Bates | MDL-1772 IN RE: Series 7 Broker Qualification Exam Scoring Litigation | 19 | 21 |
| | D.J. Rosemary M. Collyer | MDL-1880 IN RE: Papst Licensing Digital Camera Patent Litigation | 6 | 6 |
| | D.J. Paul L. Friedman | MDL-1869 IN RE: Rail Freight Fuel Surcharge Antitrust Litigation | 16 | 16 |
| | C.J. Thomas F. Hogan | MDL-1285 IN RE: Vitamin Antitrust Litigation | 3 | 84 |
| | D.J. Ellen Segal Huvelle | MDL-1792 IN RE: InPhonic, Inc., Wireless Phone Rebate Litigation | 15 | 15 |
| | D.J. Royce C. Lamberth | MDL-1307 IN RE: Columbia/HCA Healthcare Corp. Qui Tam Litigation (No. II) | 2 | 30 |
| | D.J. Richard J. Leon | MDL-1515 IN RE: Nifedipine Antitrust Litigation | 6 | 10 |
| | D.J. Richard J. Leon | MDL-1668 IN RE: Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation | 7 | 18 |
| | D.J. James Robertson | MDL-1796 IN RE: Department of Veterans Affairs (VA) Data Theft Litigation | 3 | 3 |
| | D.J. Ricardo M. Urbina | MDL-1798 IN RE: Long-Distance Telephone Service Federal Excise Tax Refund Litigation | 4 | 4 |
| DE | D.J. Joseph J. Farnan, Jr. | MDL-1717 IN RE: Intel Corp. Microprocessor Antitrust Litigation | 76 | 77 |
| | C.J. Gregory M. Sleet | MDL-1660 IN RE: PharmaStem Therapeutics, Inc., Patent Litigation | 6 | 6 |
| | C.J. Gregory M. Sleet | MDL-1848 IN RE: Rembrandt Technologies, LP, Patent Litigation | 15 | 15 |
| | C.J. Gregory M. Sleet | MDL-1866 IN RE: Brimonidine Patent Litigation | 2 | 2 |
| FLM | D.J. Henry Lee Adams, Jr. | MDL-1698 IN RE: American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation | 80 | 80 |
| | D.J. Anne C. Conway | MDL-1769 IN RE: Seroquel Products Liability Litigation | 5,645 | 7,292 |
| | D.J. Timothy J. Corrigan | MDL-1828 IN RE: Imagitas, Inc., Drivers' Privacy Protection Act Litigation | 13 | 13 |
| | Sr.J. Paul A. Magnuson (MN) | MDL-1824 IN RE: Tri-State Water Rights Litigation | 6 | 6 |
| | D.J. James S. Moody, Jr. | MDL-1626 IN RE: Accutane Products Liability Litigation | 17 | 32 |
| FLS | D.J. Donald L. Graham | MDL-1888 IN RE: Marine Hose Antitrust Litigation (No. II) | 8 | 8 |
| | D.J. Kenneth A. Marra | MDL-1916 IN RE: Chiquita Brands International, Inc., Alien Tort Statute and Shareholders Derivative Litigation | 6 | 6 |
| | C.J. Federico A. Moreno | MDL-1334 IN RE: Managed Care Litigation | 9 | 124 |
| GAM | D.J. Clay D. Land | MDL-1854 IN RE: Tyson Foods, Inc., Fair Labor Standards Act Litigation | 25 | 25 |
| GAN | D.J. William S. Duffey, Jr. | MDL-1895 IN RE: LTL Shipping Services Antitrust Litigation | 50 | 50 |
| | D.J. Thomas W. Thrash, Jr. | MDL-1804 IN RE: Stand 'n Seal Products Liability Litigation | 35 | 36 |
| | D.J. Thomas W. Thrash, Jr. | MDL-1845 IN RE: ConAgra Peanut Butter Products Liability Litigation | 147 | 147 |
| IAS | Sr.J. Ronald E. Longstaff | MDL-1733 IN RE: Teflon Products Liability Litigation | 23 | 23 |

| District | Judge | Litigation | | | |
|---|---|---|---|---|---|
| ILN | D.J Wayne R. Andersen | MDL-1876 IN RE: Long Beach Mortgage Company Truth in Lending Act 1-4 Family Rider Litigation | 3 | 3 | 3 |
| | Sr.J. Marvin E. Aspen | MDL-1425 IN RE: Ainster Copyright Litigation | 11 | 11 | 11 |
| | Sr.J. Marvin E. Aspen | MDL-1715 IN RE: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | 447 | 447 | 457 |
| | D.J. Elaine E. Bucklo | MDL-1784 IN RE: McDonald's French Fries Litigation | 13 | 13 | 14 |
| | D.J. David H. Coar | MDL-1536 IN RE: Sulfuric Acid Antitrust Litigation | 7 | 7 | 7 |
| | D.J. David H. Coar | MDL-1783 IN RE: JP Morgan Chase & Co. Securities Litigation | 3 | 3 | 3 |
| | D.J. Robert W. Gettleman | MDL-1350 IN RE: Trans Union Corp. Privacy Litigation | 14 | 14 | 15 |
| | Sr.J. John F. Grady | MDL-986 IN RE: "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 115 | 115 | 367 |
| | Sr.J. John F. Grady | MDL-1521 IN RE: Wireless Telephone 911 Calls Litigation | 10 | 10 | 10 |
| | Sr.J. John F. Grady | MDL-1703 IN RE: Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation | 4 | 4 | 7 |
| | C.J. James F. Holderman, Jr. | MDL-1818 IN RE: Citifinancial Services Incorporated Prescreened Offer Litigation | 10 | 10 | 10 |
| | Sr.J. Harry D. Leinenweber | MDL-1893 IN RE: RC2 Corp. Toy Lead Paint Products Liability Litigation | 18 | 18 | 18 |
| | D.J. Charles R. Norgle, Sr. | MDL-1491 IN RE: African-American Slave Descendants Litigation | 2 | 2 | 10 |
| | D.J. Charles R. Norgle, Sr. | MDL-1604 IN RE: Ocwen Federal Bank FSB Mortgage Servicing Litigation | 75 | 75 | 90 |
| | D.J. Amy J. St. Eve | MDL-1778 IN RE: Ocean Financial Corp. Prescreening Litigation | 5 | 5 | 6 |
| | D.J. James B. Zagel | MDL-899 IN RE: Mortgage Escrow Deposit Litigation | 1 | 1 | 75 |
| | D.J. James B. Zagel | MDL-1392 IN RE: General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 2 | 3 |
| ILS | D.J. G. Patrick Murphy | MDL-1562 IN RE: General Motors Corp. Dex-Cool Products Liability Litigation | 6 | 6 | 12 |
| | D.J. G. Patrick Murphy | MDL-1748 IN RE: Profiler Products Liability Litigation | 4 | 4 | 4 |
| INN | Sr.J. Rudy J. Lozano | MDL-1767 IN RE: H&R Block Mortgage Corp. Prescreening Litigation | 3 | 3 | 3 |
| | C.J. Robert L. Miller, Jr. | MDL-1700 IN RE: FedEx Ground Package System, Inc., Employment Practices Litigation (No. II) | 57 | 57 | 63 |
| INS | D.J. Sarah E. Barker | MDL-1373 IN RE: Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 15 | 15 | 824 |
| | C.J. David F. Hamilton | MDL-1313 IN RE: AT&T Corp. Fiber Optic Cable Installation Litigation | 43 | 43 | 43 |
| | D.J. Larry J. McKinney | MDL-1227 IN RE: COBRA Tax Shelters Litigation | 3 | 3 | 4 |
| KS | D.J. John W. Lungstrum | MDL-1468 IN RE: Universal Service Fund Telephone Billing Practices Litigation | 63 | 63 | 68 |
| | D.J. John W. Lungstrum | MDL-1616 IN RE: Urethane Antitrust Litigation | 30 | 30 | 30 |
| | C.J. Kathryn H. Vratil | MDL-1721 IN RE: Cessna 208 Series Aircraft Products Liability Litigation | 8 | 8 | 9 |
| | C.J. Kathryn H. Vratil | MDL-1840 IN RE: Motor Fuel Temperature Sales Practices Litigation | 50 | 50 | 50 |
| | C.J. Kathryn H. Vratil | MDL-1853 IN RE: The TJX Companies, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 9 | 9 | 9 |
| KYE | Sr.J. Joseph M. Hood | MDL-1877 IN RE: ClassicStar Mare Lease Litigation | 18 | 18 | 18 |

| District | Judge | Litigation | Actions Pending | Total Actions |
|---|---|---|---|---|
| LAE | D.J. Kurt D. Engelhardt | MDL-1873 IN RE: FEMA Trailer Formaldehyde Products Liability Litigation | 15 | 15 |
| | D.J. Eldon E. Fallon | MDL-1355 IN RE: Propulsid Products Liability Litigation | 297 | 474 |
| | D.J. Eldon E. Fallon | MDL-1657 IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation | 9,284 | 9,882 |
| | D.J. Martin L.C. Feldman | MDL-1390 IN RE: Life Insurance Co. of Georgia Industrial Life Insurance Litigation | 52 | 133 |
| | D.J. Sarah S. Vance | MDL-1643 IN RE: Educational Testing Service PLT 7-12 Test Scoring Litigation | 2 | 31 |
| MA | D.J. Nancy Gertner | MDL-1354 IN RE: Citigroup, Inc., Capital Accumulation Plan Litigation | 8 | 18 |
| | Sr.J. Edward F. Harrington | MDL-1143 IN RE: Mutual Life Insurance Company of New York Premium Litigation | 2 | 23 |
| | D.J. Patti B. Saris | MDL-1456 IN RE: Pharmaceutical Industry Average Wholesale Price Litigation | 3 | 119 |
| | D.J. Patti B. Saris | MDL-1629 IN RE: Neurontin Marketing, Sales Practices and Products Liability Litigation | 10 | 231 |
| | D.J. Richard G. Stearns | MDL-1861 IN RE: Wellnx Marketing and Sales Practices Litigation | 16 | 16 |
| | D.J. Joseph L. Tauro | MDL-1790 IN RE: Volkswagen and Audi Warranty Extension Litigation | 2 | 8 |
| | D.J. Joseph L. Tauro | MDL-1820 IN RE: Webloyalty.com, Inc., Marketing and Sales Practices Litigation | 2 | 8 |
| | D.J. Joseph L. Tauro | MDL-1870 IN RE: Greenwood Credit Union Prescreening Litigation | 3 | 5 |
| | D.J. Douglas P. Woodlock | MDL-1543 IN RE: Carbon Black Antitrust Litigation | 1 | 3 |
| | D.J. Douglas P. Woodlock | MDL-1704 IN RE: M3Power Razor System Marketing & Sales Practices Litigation | 1 | 16 |
| | D.J. William G. Young | MDL-1838 IN RE: The TJX Companies, Inc., Customer Data Security Breach Litigation | 28 | 28 |
| | D.J. Rya W. Zobel | MDL-1380 IN RE: Xcelera.com Inc. Securities Litigation | 1 | 20 |
| | D.J. Rya W. Zobel | MDL-1461 IN RE: Shell Oil Products Co. Dealer Franchise Litigation | 1 | 3 |
| MD | D.J. Catherine C. Blake | MDL-1539 IN RE: Royal Ahold N.V. Securities & "ERISA" Litigation | 37 | 37 |
| | C.J. Benson Everett Legg | MDL-1387 IN RE: ProteGen Sling and Vesica System Products Liability Litigation | 4 | 584 |
| | D.J. J. Frederick Motz | MDL-1332 IN RE: Microsoft Corp. Windows Operating Systems Antitrust Litigation | 2 | 117 |
| | D.J. J. Frederick Motz | MDL-1586 IN RE: Mutual Funds Investment Litigation | 423 | 437 |
| | D.J. Andre M. Davis and D.J. Catherine C. Blake D.J. Roger W. Titus | MDL-1911 IN RE: Michelin North America, Inc., PAX System Marketing and Sales Practices Litigation | 4 | 4 |
| ME | D.J. D. Brock Hornby | MDL-1532 IN RE: New Motor Vehicles Canadian Export Antitrust Litigation | 27 | 31 |
| MIE | D.J. Sean F. Cox | MDL-1867 IN RE: OnStar Contract Litigation | 22 | 23 |
| | C.J. Bernard A. Friedman | MDL-1718 IN RE: Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation | 78 | 81 |
| | D.J. Gerald E. Rosen | MDL-1725 IN RE: Delphi Corp. Securities, Derivative & "ERISA" Litigation | 22 | 25 |
| | D.J. Gerald E. Rosen | MDL-1749 IN RE: General Motors Corp. Securities & Derivative Litigation | 5 | 5 |
| MIW | C.J. Robert Holmes Bell | MDL-1846 IN RE: Trade Partners, Inc., Investors Litigation | 5 | 5 |

| District | Judge | Litigation | Pending Actions | Total Actions |
|---|---|---|---|---|
| MN | D.J. Michael J. Davis | MDL-1431  IN RE: Baycol Products Liability Litigation | 330 | 9,090 |
| | Sr.J. David S. Doty | MDL-1892  IN RE: KFC Corp. Fair Labor Standards Act Litigation | 27 | 28 |
| | D.J. Donovan W. Frank | MDL-1708  IN RE: Guidant Corp. Implantable Defibrillators Products Liability Litigation | 2,056 | 2,086 |
| | Sr.J. Richard H. Kyle | MDL-1905  IN RE: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation | 31 | 31 |
| | Sr.J. Paul A. Magnuson | MDL-1724  IN RE: Viagra Products Liability Litigation | 134 | 140 |
| | C.J. James M. Rosenbaum | MDL-1726  IN RE: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation | 1,115 | 1,191 |
| | C.J. James M. Rosenbaum | MDL-1836  IN RE: Mirapex Products Liability Litigation | 275 | 275 |
| | D.J. John R. Tunheim | MDL-1396  IN RE: St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation | 20 | 57 |
| MOE | D.J. Jean C. Hamilton | MDL-1702  IN RE: Air Crash Near Kirksville, Missouri, on October 19, 2004 | 4 | 12 |
| | Sr.J. Stephen N. Limbaugh | MDL-1672  IN RE: Express Scripts, Inc., Pharmacy Benefits Management Litigation | 13 | 20 |
| | D.J. Catherine D. Perry | MDL-1811  IN RE: Genetically Modified Rice Litigation | 222 | 222 |
| | D.J. Rodney W. Sippel | MDL-1620  IN RE: Metoprolol Succinate Patent Litigation | 8 | 8 |
| | D.J. Rodney W. Sippel | MDL-1736  IN RE: Celexa and Lexapro Products Liability Litigation | 43 | 43 |
| | D.J. E. Richard Webber | MDL-1907  IN RE: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation | 4 | 4 |
| MOW | D.J. Richard E. Dorr | MDL-1786  IN RE: H&R Block, Inc, Express IRA Marketing Litigation | 20 | 21 |
| MSS | D.J. Keith Starrett | MDL-1872  IN RE: Wayne Farms LLC Fair Labor Standards Act Litigation | 12 | 12 |
| NCM | C.J. James A. Beaty, Jr. | MDL-1622  IN RE: Cotton Yarn Antitrust Litigation | 9 | 9 |
| NCW | C.J. Richard L. Voorhees | MDL-1516  IN RE: Polyester Staple Antitrust Litigation | 14 | 36 |
| NE | D.J. Laurie Smith Camp | MDL-1920  IN RE: Saturn L-Series Timing Chain Products Liability Litigation | 3 | 3 |
| NH | D.J. Paul J. Barbadoro | MDL-1335  IN RE: Tyco International, Ltd., Securities, Derivative and "ERISA" Litigation | 12 | 104 |

| District | Judge | Litigation | Number of Actions Pending | Total Actions |
|---|---|---|---|---|
| NJ | Sr.J. Harold A. Ackerman | MDL-1687 IN RE: Ford Motor Co. E-350 Van Products Liability Litigation (No. II) | 5 | 5 |
| | C.J. Garrett E. Brown, Jr. | MDL-1471 IN RE: Compensation of Managerial, Professional and Technical Employees Antitrust Litigation | 4 | 4 |
| | C.J. Garrett E. Brown, Jr. | MDL-1663 IN RE: Insurance Brokerage Antitrust Litigation | 45 | 47 |
| | D.J. Stanley R. Chesler | MDL-1658 IN RE: Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation | 1 | 35 |
| | D.J. Stanley R. Chesler | MDL-1777 IN RE: SFBC International, Inc., Securities & Derivative Litigation | 1 | 14 |
| | D.J. Stanley R. Chesler | MDL-1857 IN RE: Schering Marketing and Sales Practices Litigation (No. II) | 6 | 6 |
| | D.J. Mary L. Cooper | MDL-1851 IN RE: Desloratadine Patent Litigation | 4 | 4 |
| | Sr.J. Dickinson R. Debevoise | MDL-1337 IN RE: Holocaust Era German Industry, Bank & Insurance Litigation | 2 | 59 |
| | Sr.J. Dickinson R. Debevoise | MDL-1914 IN RE: Mercedes-Benz Tele Aid Contract Litigation | 4 | 4 |
| | D.J. Joseph A. Greenaway, Jr. | MDL-1419 IN RE: K-Dur Antitrust Litigation | 1 | 44 |
| | D.J. Noel L. Hillman | MDL-1850 IN RE: Pet Food Products Liability Litigation | 116 | 116 |
| | D.J. Faith S. Hochberg | MDL-1384 IN RE: Gabapentin Patent Litigation | 13 | 17 |
| | D.J. Faith S. Hochberg | MDL-1479 IN RE: Neurontin Antitrust Litigation | 22 | 22 |
| | Sr.J. Joseph E. Irenas | MDL-1881 IN RE: Boscov's Department Store, LLC, Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
| | D.J. Jose L. Linares | MDL-1730 IN RE: Hypodermic Products Antitrust Litigation | 9 | 10 |
| | D.J. William J. Martini | MDL-1763 IN RE: Human Tissue Products Liability Litigation | 208 | 216 |
| | D.J. Jerome B. Simandle | MDL-1514 IN RE: Electrical Carbon Products Antitrust Litigation | 1 | 25 |
| | Sr.J. William H. Walls | MDL-1292 IN RE: Cendant Corporation Securities Litigation | 3 | 18 |
| | D.J. Susan D. Wigenton | MDL-1550 IN RE: IDT Corp. Calling Card Terms Litigation | 4 | 5 |
| | D.J. Freda L. Wolfson | MDL-1799 IN RE: Vonage Initial Public Offering (IPO) Securities Litigation | 1 | 16 |
| | D.J. Freda L. Wolfson | MDL-1862 IN RE: Vonage Marketing and Sales Practices Litigation | 5 | 5 |
| NV | D.J. Kent J. Dawson | MDL-1619 IN RE: Musha Cay Litigation | 3 | 3 |
| | Sr.J. Lloyd D. George | MDL-1357 IN RE: NOS Communications, Inc., Billing Practices Litigation | 7 | 8 |
| | D.J. Robert Clive Jones | MDL-1878 IN RE: Internal Revenue Service §1031 Tax Deferred Exchange Litigation | 5 | 5 |
| | D.J. Philip M. Pro | MDL-1566 IN RE: Western States Wholesale Natural Gas Antitrust Litigation | 6 | 33 |
| | D.J. Philip M. Pro | MDL-1735 IN RE: Wal-Mart Wage and Hour Employment Practices Litigation | 33 | 35 |

| District | Judge | Litigation | Actions Pending | Total Actions |
|---|---|---|---|---|
| NYE | D.J. Brian M. Cogan | MDL-1844 IN RE: Air Crash Near Peixoto de Azeveda, Brazil, on September 29, 2006 | 68 | 68 |
| | C.J. Raymond J. Dearie | MDL-1613 IN RE: Nigeria Charter Flights Contract Litigation | 10 | 14 |
| | D.J. John Gleeson | MDL-1575 IN RE: Visa/MasterCard Antitrust Litigation | 5 | 8 |
| | D.J. John Gleeson | MDL-1720 IN RE: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | 51 | 51 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-1775 IN RE: Air Cargo Shipping Services Antitrust Litigation | 94 | 95 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-799 IN RE: Air Disaster at Lockerbie, Scotland, on December 21, 1988 | 37 | 297 |
| | Sr.J. David G. Trager | MDL-1898 IN RE: American Home Mortgage Securities Litigation | 19 | 19 |
| | Sr.J. Jack B. Weinstein | MDL-1738 IN RE: Vitamin C Antitrust Litigation | 10 | 10 |
| | Sr.J. Jack B. Weinstein | MDL-381 IN RE: "Agent Orange" Products Liability Litigation | 6 | 629 |
| | Sr.J. Jack B. Weinstein | MDL-1596 IN RE: Zyprexa Products Liability Litigation | 1,866 | 1,869 |
| NYS | Sr.J. Harold Baer, Jr. | MDL-1661 IN RE: Rivastigmine Patent Litigation | 4 | 5 |
| | D.J. Deborah A. Batts | MDL-1714 IN RE: Rhodia S.A. Securities Litigation | 4 | 4 |
| | D.J. Richard A. Berman | MDL-1628 IN RE: Pineapple Antitrust Litigation | 6 | 10 |
| | D.J. Charles L. Brieant | MDL-1508 IN RE: Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation | 5 | 18 |
| | D.J. Charles L. Brieant | MDL-1903 IN RE: PepsiCo, Inc., Bottled Water Marketing and Sales Practices Litigation | 4 | 4 |
| | D.J. Denise Cote | MDL-1487 IN RE: WorldCom, Inc., Securities & "ERISA" Litigation | 3 | 177 |
| | D.J. Paul A. Crotty | MDL-1794 IN RE: Novartis Wage and Hour Litigation | 2 | 2 |
| | D.J. George B. Daniels | MDL-1379 IN RE: Literary Works in Electronic Databases Copyright Litigation | 3 | 5 |
| | D.J. George B. Daniels | MDL-1570 IN RE: Terrorist Attacks on September 11, 2001 | 24 | 25 |
| | Sr.J. Kevin Thomas Duffy | MDL-1443 IN RE: America Online, Inc., Community Leaders Litigation | 3 | 3 |
| | Sr.J. Thomas P. Griesa | MDL-1336 IN RE: Abercrombie & Fitch Co. Securities Litigation | 20 | 20 |
| | Sr.J. Thomas P. Griesa | MDL-1644 IN RE: Elevator and Escalator Antitrust Litigation | 4 | 25 |
| | D.J. Richard J. Holwell | MDL-1771 IN RE: "A Million Little Pieces" Litigation | 11 | 11 |
| | D.J. Barbara S. Jones | MDL-1291 IN RE: Omeprazole Patent Litigation | 5 | 22 |
| | D.J. Lewis A. Kaplan | MDL-1348 IN RE: Rezulin Products Liability Litigation | 751 | 1,868 |
| | D.J. Lewis A. Kaplan | MDL-1653 IN RE: Parmalat Securities Litigation | 17 | 17 |
| | Sr.J. John F. Keenan | MDL-1484 IN RE: Merrill Lynch & Co., Inc., Research Reports Securities Litigation | 21 | 176 |
| | Sr.J. John F. Keenan | MDL-1789 IN RE: Fosamax Products Liability Litigation | 412 | 413 |
| | Sr.J. Shirley Wohl Kram | MDL-1500 IN RE: AOL Time Warner Inc. Securities & "ERISA" Litigation | 35 | 72 |
| | Sr.J. Shirley Wohl Kram | MDL-1739 IN RE: Grand Theft Auto Video Game Consumer Litigation (No. II) | 8 | 8 |
| | Sr.J. Shirley Wohl Kram | MDL-1744 IN RE: Marsh & McLennan Companies, Inc., Securities Litigation | 7 | 10 |
| | D.J. Gerard E. Lynch | MDL-1472 IN RE: Global Crossing Ltd. Securities and "ERISA" Litigation | 2 | 89 |
| | D.J. Gerard E. Lynch | MDL-1902 IN RE: Refco Inc. Securities Litigation | 13 | 13 |
| | Sr.J. Lawrence M. McKenna | MDL-1529 IN RE: Adelphia Communications Corp. Securities & Derivative Litigation (No. II) | 72 | 72 |

| District | Judge(s) | Litigation | Total Actions Pending | Total Actions |
|---|---|---|---|---|
| NYS (cont.) | D.J. Colleen McMahon | MDL-1695  IN RE: Veeco Instruments Inc. Securities Litigation | 13 | 13 |
| | D.J. Colleen McMahon | MDL-1755  IN RE: Bayou Hedge Funds Investment Litigation | 9 | 10 |
| | Sr.J. Richard Owen | MDL-1688  IN RE: Pfizer Inc. Securities, Derivative & "ERISA" Litigation | 30 | 30 |
| | Sr.J. Richard Owen | MDL-1706  IN RE: Doral Financial Corp. Securities Litigation | 24 | 25 |
| | D.J. William H. Pauley III | MDL-1409  IN RE: Currency Conversion Fee Antitrust Litigation | 5 | 35 |
| | D.J. Loretta A. Preska | MDL-1659  IN RE: Nortel Networks Corp. Securities Litigation | 2 | 30 |
| | D.J. Loretta A. Preska | MDL-1780  IN RE: Digital Music Antitrust Litigation | 30 | 31 |
| | D.J. Jed S. Rakoff | MDL-1598  IN RE: Ephedra Products Liability Litigation | 519 | 861 |
| | D.J. Shira Ann Scheindlin | MDL-1358  IN RE: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 145 | 167 |
| | D.J. Shira Ann Scheindlin | MDL-1428  IN RE: Ski Train Fire in Kaprun, Austria, on November 11, 2000 | 8 | 27 |
| | D.J. Shira Ann Scheindlin | MDL-1554  IN RE: Initial Public Offering (IPO) Securities Litigation | 393 | 511 |
| | Sr.J. John E. Sprizzo | MDL-1153  IN RE: Bennett Funding Group, Inc., Securities Litigation (No. II) | 29 | 66 |
| | Sr.J. John E. Sprizzo | MDL-1499  IN RE: South African Apartheid Litigation | 13 | 14 |
| | Sr.J. John E. Sprizzo | MDL-1584  IN RE: Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (No. II) | 1 | 8 |
| | D.J. Sidney H. Stein | MDL-1603  IN RE: OxyContin Antitrust Litigation | 59 | 63 |
| | Sr.J. Robert W. Sweet and Sr.J. John F. Keenan* | MDL-1448  IN RE: Air Crash at Belle Harbor, New York, on November 12, 2001 | 52 | 376 |
| | | * Judge Keenan is assigned to actions in which Judge Sweet is recused. | | |
| OHN | D.J. Peter C. Economus | MDL-1561  IN RE: Travel Agent Commission Antitrust Litigation | 1 | 3 |
| | Sr.J. David A. Katz | MDL-1742  IN RE: Ortho Evra Products Liability Litigation | 1,040 | 1,179 |
| | D.J. Donald C. Nugent | MDL-1488  IN RE: Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation | 3 | 31 |
| | D.J. Kathleen McDonald O'Malley | MDL-1401  IN RE: Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation | 3 | 434 |
| | D.J. Kathleen McDonald O'Malley | MDL-1490  IN RE: Commercial Money Center, Inc., Equipment Lease Litigation | 31 | 38 |
| | D.J. Kathleen McDonald O'Malley | MDL-1535  IN RE: Welding Fume Products Liability Litigation | 3,299 | 11,569 |
| | D.J. Dan A. Polster | MDL-1909  IN RE: Gadolinium Contrast Dyes Products Liability Litigation | 25 | 25 |
| OHS | D.J. Gregory L. Frost | MDL-1638  IN RE: Foundry Resins Antitrust Litigation | 1 | 20 |
| | Sr.J. James L. Graham | MDL-1565  IN RE: National Century Financial Enterprises, Inc., Investment Litigation | 21 | 22 |
| | Sr.J. James L. Graham | MDL-1829  IN RE: Vision Service Plan Tax Litigation | 5 | 5 |
| OKW | D.J. Stephen P. Friot | MDL-1564  IN RE: Farmers Insurance Co., Inc., FCRA Litigation | 7 | 12 |
| OR | Sr.J. Robert E. Jones | MDL-1439  IN RE: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation | 4 | 13 |

| DISTRICT | JUDGE | LITIGATION | | |
|---|---|---|---|---|
| PAE | C.J. Harvey Bartle III | MDL-1203  IN RE: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation | 983 | 20,156 |
| | D.J. Ronald L. Buckwalter | MDL-1014  IN RE: Orthopedic Bone Screw Products Liability Litigation | 1 | 3,085 |
| | D.J. Ronald L. Buckwalter | MDL-1741  IN RE: Isolagen, Inc., Securities & Derivative Litigation | 5 | 5 |
| | D.J. Stewart Dalzell | MDL-1682  IN RE: Hydrogen Peroxide Antitrust Litigation | 2 | 34 |
| | D.J. Legrome D. Davis | MDL-1684  IN RE: Plastics Additives Antitrust Litigation (No. II) | 8 | 10 |
| | Sr.J. Jan E. DuBois | MDL-1261  IN RE: Linerboard Antitrust Litigation | 2 | 20 |
| | Sr.J. John P. Fullam | MDL-1782  IN RE: Pharmacy Benefit Managers Antitrust Litigation | 6 | 6 |
| | Sr.J. James T. Giles | MDL-875  IN RE: Asbestos Products Liability Litigation (No. VI) | 34,383 | 112,229 |
| | Sr.J. Bruce W. Kauffman | MDL-969  IN RE: Unisys Corp. Retiree Medical Benefit "ERISA" Litigation | 8 | 14 |
| | D.J. Mary A. McLaughlin | MDL-1712  IN RE: American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation | 14 | 15 |
| | Sr.J. Thomas N. O'Neill, Jr. | MDL-1904  IN RE: OSI Restaurant Partners, LLC, Fair and Accurate Credit Transactions Act (FACTA) Litigation | 4 | 4 |
| | Sr.J. Louis H. Pollak | MDL-1817  IN RE: CertainTeed Corp. Roofing Shingle Products Liability Litigation | 21 | 21 |
| | D.J. Cynthia M. Rufe | MDL-1871  IN RE: Avandia Marketing, Sales Practices and Products Liability Litigation | 130 | 130 |
| | D.J. Timothy J. Savage | MDL-1675  IN RE: ACE Limited Securities Litigation | 4 | 4 |
| | D.J. Timothy J. Savage | MDL-1768  IN RE: Methyl Methacrylate (MMA) Antitrust Litigation | 18 | 18 |
| | D.J. Lawrence F. Stengel | MDL-1879  IN RE: Sterling Financial Corporation Securities Litigation | 1 | 9 |
| | D.J. Richard Barclay Surrick | MDL-1426  IN RE: Automotive Refinishing Paint Antitrust Litigation | 61 | 63 |
| | D.J. Richard Barclay Surrick | MDL-1912  IN RE: Fasteners Antitrust Litigation | 20 | 20 |
| PAM | D.J. Thomas I. Vanaskie | MDL-1556  IN RE: Pressure Sensitive Labelstock Antitrust Litigation | 11 | 11 |
| PAW | D.J. Gary L. Lancaster | MDL-1674  IN RE: Community Bank of Northern Virginia Mortgage Lending Practices Litigation | 7 | 8 |
| RI | C.J. Mary M. Lisi | MDL-1842  IN RE: Kugel Mesh Hernia Patch Products Liability Litigation | 539 | 541 |
| SC | Sr.J. C. Weston Houck | MDL-1865  IN RE: Household Goods Movers Antitrust Litigation | 3 | 3 |
| | C.J. David C. Norton | MDL-1785  IN RE: Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation | 290 | 292 |
| TNE | C.J. Curtis L. Collier | MDL-1552  IN RE: UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 19 | 28 |
| | D.J. J. Ronnie Greer | MDL-1899  IN RE: Southeastern Milk Antitrust Litigation | 6 | 6 |
| TNM | C.J. Todd J. Campbell | MDL-1760  IN RE: Aredia and Zometa Products Liability Litigation | 380 | 388 |
| | Sr.J. John T. Nixon | MDL-1537  IN RE: Nortel Networks Corp. "ERISA" Litigation | 6 | 6 |
| | D.J. Aleta A. Trauger | MDL-1457  IN RE: Allstate Insurance Co. Underwriting and Rating Practices Litigation | 6 | 11 |
| TNW | D.J. J. Daniel Breen | MDL-1551  IN RE: Reciprocal of America (ROA) Sales Practices Litigation | 15 | 15 |

| District | Judge | Litigation | | |
|---|---|---|---|---|
| TXE | D.J. Leonard E. Davis<br>D.J. T. John Ward | MDL-1512  IN RE: Electronic Data Systems Corp. Securities & "ERISA" Litigation<br>MDL-1530  IN RE: Fleming Companies Inc. Securities & Derivative Litigation | 4<br>10 | 29<br>22 |
| TXN | Sr.J. A. Joe Fish<br>D.J. Terry R. Means | MDL-1578  IN RE: UICI "Association-Group" Insurance Litigation<br>MDL-1875  IN RE: RadioShack Corp. "ERISA" Litigation | 2<br>4 | 28<br>4 |
| TXS | D.J. Vanessa D. Gilmore<br>D.J. Melinda Harmon<br>D.J. Lynn N. Hughes<br>D.J. Janis Graham Jack<br><br>D.J. Sim Lake | MDL-1646  IN RE: Testmasters Trademark Litigation<br>MDL-1446  IN RE: Enron Corp. Securities, Derivative & "ERISA" Litigation<br>MDL-1609  IN RE: Service Corporation International Securities Litigation<br>MDL-1810  IN RE: MERSCORP Inc., et al., Real Estate Settlement Procedures Act<br>(RESPA) Litigation<br>MDL-1886  IN RE: Refined Petroleum Products Antitrust Litigation | 1<br>110<br>1<br>13<br><br>6 | 6<br>196<br>4<br>30<br><br>6 |
| UT | D.J. Dale A. Kimball | MDL-1546  IN RE: Medical Waste Services Antitrust Litigation | 1 | 8 |
| VAE | D.J. Leonie M. Brinkema | MDL-1705  IN RE: Xybernaut Corp. Securities Litigation | 9 | 10 |
| WAW | Sr.J. John C. Coughenour<br>D.J. Marsha J. Pechman<br>D.J. Barbara Jacobs Rothstein | MDL-1896  IN RE: General Motors Corp. Speedometer Products Liability Litigation<br>MDL-1919  IN RE: Washington Mutual, Inc., Securities, Derivative & "ERISA" Litigation<br>MDL-1407  IN RE: Phenylpropanolamine (PPA) Products Liability Litigation | 3<br>15<br>199 | 3<br>15<br>3,376 |
| WY | C.J. William F. Downes | MDL-1293  IN RE: Natural Gas Royalties Qui Tam Litigation | 74 | 83 |

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONNIE PHILLIPS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-412-GPM |
| | ) | |
| SEARS ROEBUCK & COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This is "a nightmare of a class action." *Smith v. Sprint Communications Co., L.P.*, 387 F.3d 612, 613 (7th Cir. 2004).

### BACKGROUND

Ninety-seven plaintiffs seek recovery from ten defendants engaged in the manufacture and distribution of lawnmowers. They claim defendants misrepresented the horsepower produced by the lawnmowers and conspired with each other to deceive consumers. The third amended class action complaint (*see* Doc. 10, Exhibits 2-9) asserts federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, together with statutory and common-law claims under the laws of forty-four states. Plaintiffs also seek certification of the RICO claims on behalf of a nationwide class of purchasers who, from January 1, 1994, to the present, purchased lawnmowers manufactured or distributed by defendants containing gas combustible engines having up to 30 horsepower, as well as certification of "subclasses" of such purchasers under the state laws of forty-four states.

Jurisdiction is asserted on the basis of 28 U.S.C. § 1331 and 28 U.S.C. § 1332, as amended

by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered

sections of 28 U.S.C.). For the following reasons, the RICO claims asserted in the third amended

complaint are dismissed, as well as all state-law claims, other than those arising under Illinois law.

The motion to approve a class wide settlement between plaintiffs and defendant MTD Products, Inc.

("MTD") is also denied.

### ANALYSIS

**1.    Motions to Dismiss.**

In evaluating dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court

accepts all well-pleaded allegations in a plaintiff's complaint as true. *See Cleveland v. Rotman*, 297

F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency

of the allegations of a complaint, not to determine the merits of a case. *See Gibson v. City of

Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*,

127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough

to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's

allegations are true." *Id.* (internal citations omitted).

Turning first to the matter of the legal sufficiency of plaintiffs' RICO claims,

18 U.S.C. § 1962 provides, in pertinent part, "It shall be unlawful for any person employed by or

associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs

through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "To

state a claim under § 1962(c), a RICO plaintiff must show the '(1) conduct (2) of an enterprise

(3) through a pattern (4) of racketeering activity.'" *Richmond v. Nationwide Cassel L.P.*, 52 F.3d

640, 644 (7th Cir. 1995) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). *See*

*also LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 393 (7th Cir. 1995); *McDonald v. Schencker*,

18 F.3d 491, 494 (7th Cir. 1994). An "enterprise" for RICO purposes means "any individual,

partnership, corporation, association, or other legal entity, and any union or group of individuals

associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A "pattern of racketeering

activity" means "at least two acts of racketeering activity, one of which occurred after the effective

date of this chapter and the last of which occurred within ten years (excluding any period of

imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

"Racketeering activity" means certain acts that are chargeable and punishable as felonies under state

law or that are indictable under specific federal criminal statutes, as set out in an exclusive list in

RICO's definitions, *see* 18 U.S.C. § 1961(1).

In general, "allegations of fraud in a civil RICO complaint are subject to the heightened

pleading standard of [Federal Rule of Civil Procedure] 9(b), which requires a plaintiff to plead all

averments of fraud with particularity." *Slaney v. International Amateur Athletic Found.*, 244 F.3d

580, 597 (7th Cir. 2001). "Accordingly, a RICO plaintiff must, at a minimum, describe the two

predicate acts of fraud with some specificity and state the time, place, and content of the alleged

false representations, the method by which the misrepresentations were communicated, and the

identities of the parties to those misrepresentations." *Id.* "Moreover, in a multiple defendant case,

Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged

participation in the scheme." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998).

*See also Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (dismissing RICO claim for "lump[ing]

all the defendants together" and failing to specify "who was involved in what activity").

The Seventh Circuit holds that "[a] RICO complaint must identify the enterprise."

*Richmond*, 52 F.3d at 645. "While a RICO enterprise can be formal or informal, some type of

organizational structure is required." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675

(7th Cir. 2000). *See also Richmond*, 52 F.3d at 645 ("The hallmark of an enterprise is a structure.").

More specifically, a RICO enterprise must have "an ongoing 'structure' of persons associated

through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual

decision making," with "goals separate from the predicate acts themselves." *Stachon*, 229 F.3d at

675 (internal citations omitted). Although an enterprise can be an informal association-in-fact,

"[t]he hallmark of an enterprise is structure," and the goals of the enterprise must be separate from

the predicate acts themselves. *Richmond*, 52 F.3d at 645 (quotation omitted). *See also Stachon*, 229

F.3d at 676 (noting that plaintiffs cannot establish structure by explaining what an enterprise

supposedly does). An association-in-fact enterprise requires continuity and the differentiation of

roles, as well as a common purpose of engaging in a course of conduct. *See Richmond*, 52 F.3d

at 645. *See also Baker v. IBP, Inc.*, 357 F.3d 685, 691 (7th Cir. 2004) (noting that a common

purpose is an "essential ingredient" of any association-in-fact enterprise).

A RICO enterprise must consist of more than a group of people who get together to commit

a pattern of racketeering activity. *See Richmond*, 52 F.3d at 644. The enterprise must be "distinct,

separate, and apart from a pattern of racketeering activity: although a pattern of racketeering activity

may be the means through which the enterprise interacts with society, it is not itself the enterprise, for an enterprise is defined by what it is, not what it does." *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990). Also, in this Circuit, to establish statutory distinctness, plaintiffs must establish that each RICO person actively participated or knowingly acquiesced in the alleged scheme, or unwittingly permitted legitimate business operations to become a conduit of criminal activity. Bare legal and factual distinctness is insufficient. A plaintiff must prove the role played by the legally distinct person was non-incidental to bringing about (or concealing) a pattern of racketeering activity.

"The prototypical RICO case is one in which a person bent on criminal activity seizes control of a previously legitimate firm and uses the firm's resources, contacts, facilities, and appearance of legitimacy to perpetrate more, and less easily discovered, criminal acts than he could do in his own person, that is, without channeling his criminal activities through the enterprise that he has taken over." *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 227 (7th Cir. 1997) (citations omitted). "The [RICO person] must be shown to use its agents or affiliates in a way that bears at least a family resemblance to the paradigmatic RICO case in which a criminal obtains control of a legitimate (or legitimate-appearing) firm and uses the firm as the instrument of his criminality." *Emery v. American Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998).

Here, the plaintiffs have alleged enough to conclusively take their case outside of the paradigm. It is impossible to imagine that the enterprises as alleged wrested control of the long established legitimate businesses for the purpose alleged. The businesses could easily have accomplished what is alleged absent the associations-in-fact, and the latter by no means controlled

the former. So what is left is an alleged a conspiracy to commit fraud. The allegations are also technically insufficient.

Plaintiffs have identified four separate association-in-fact enterprises: 1) The OPEI Enterprise: "The OPEI Enterprise is an association-in-fact consisting of defendants Honda, Briggs & Stratton, Deere, Electrolux, Kawasaki, Kohler, Tecumseh, MTD and Toro…." Complt., ¶243; 2) The PLTF Enterprise: "The Power Labeling Task Force Enterprise is an association-in-fact consisting of defendants Honda, Briggs & Stratton, Deere, Electrolux, Kawasaki, Kohler, Tecumseh, MTD and Toro…." Complt., ¶248; 3) The Eagle Group/SAE Enterprise: plaintiffs allege that The Eagle Group/SAE Enterprise is a RICO "is an association-in-fact consisting of defendants Briggs & Stratton, Kohler and Tecumseh." Complt., ¶259; and 4) The Craftsman Exclusive Enterprise: "The Craftsman Exclusive Enterprise is an association-in-fact consisting of defendants Briggs & Stratton, Kohler, Electrolux and Sears." Complt., ¶253.

The sum total of the allegations involving the OPEI association-in-fact enterprise are that: (1) its members include nine of the ten defendants (and an unknown number of unnamed others); (2) these defendants are part of an "ongoing and continuing organization"; (3) they supposedly have the "common purpose of deceiving consumers"; and (4) they have overstated horsepower, concealed the same, used the third-party Outdoor Power Equipment Institute to amend the Society of Automotive Engineers' ("SAE") horsepower testing standards, and concealed that too. This does not make an "enterprise" under RICO.

Plaintiffs also allege that the same nine defendants (and unknown others) found in the OPEI enterprise created the Power Labeling Task Force ("PLTF") association-in-fact. But they fail to

allege even the statutory minimum of two predicate acts of racketeering for the Craftsman Exclusive enterprise and the SAE enterprise. *See* 18 U.S.C. § 1961(5).

With respect to the Craftsman Exclusive enterprise, the plaintiffs allege that on April 9, 2002, defendant Sears "transmitted via the interstate wires . . . [a] press release . . . to the consuming public at large." (Complt. ¶ 264(h).) The only other allegation of misconduct in support of the Craftsman Exclusive enterprise "pattern" is that *this same press release* "is currently transmitted continuously to consumers via Sears website." (*Id.* ¶ 264(I).) Because plaintiffs cannot "double-count" conduct to fulfill the predicate act requirement, this alleged pattern fails to meet even the minimum requirements of § 1961(5).

The claim that the SAE enterprise constituted an association-in-fact must be dismissed for the same reasons. Plaintiffs fail to identify an enterprise -- that is, they fail to allege that the association-in-fact has a structure apart from the conspiracy itself. *Bachman v. Bear, Stearns, & Co.*, 178 F.3d 930, 932 (7th Cir. 1999); *Jennings*, 910 F.2d at 1441. Likewise, there is no explanation as to the roles of each of the three engine manufacturers in this "SAE enterprise," or the requisite decision making structure. *See e.g. Jennings*, 91 F.2d at 1440; *Richmond*, 52 F.3d at 645. These deficiencies are fatal.

Plaintiffs allege that (1) the members of the PLTF enterprise participated in two conference calls in May 2004 (*see* Complt. (¶¶ 264(l),(p)), and that (2) a third party (the Engine Manufacturers' Association) sent a series of correspondence to the members. (*See* Complt. (¶¶ 264(d), (k), (m)-(o), (q)-(s).) The correspondence included meeting agenda, meeting minutes, and schedules of meetings connected to the two conference calls or to one of two alleged face-to-face meetings of the PLTF

enterprise. *Id.* The in-person meetings occurred on April 20 and June 2, 2004. (Complt. ¶¶ 264(g) &(k).)

All of these alleged Conspiracy Acts concerning the PLTF enterprise occurred *over little more than a one month time period*, from April 20, 2004, until June 4, 2004. *Id.* To establish the pattern requirement of a RICO claim, a plaintiff must show that defendant committed at least two predicate acts of racketeering within a ten-year period. 18 U.S.C. § 1961(5); *Vicom, Inc. v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 779 (7th Cir. 1994). Because the RICO statute was enacted out of concern for long-term criminal conduct, rather than sporadic fraudulent acts, a RICO plaintiff "must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Vicom*, 20 F.3d at 779 (emphasis in original) (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). The relationship part of this test requires that the predicate acts be "committed somewhat closely in time to one another, involve the same victim, or involve the same type of misconduct." *Vicom*, 20 F.3d at 779 (quoting *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir.1986)). The continuity portion of the test is both a closed-ended and open-ended concept, "referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Vicom*, 20 F.3d at 779 (quoting *H.J., Inc.*, 492 U.S. at 241).

In contrast to closed-ended continuity, a plaintiff may establish open-ended continuity regardless of the duration of the conduct. *Vicom*, 20 F.3d at 782. Open-ended continuity is present when "(1) 'a specific threat of repetition' exists, (2) 'the predicates are a regular way of conducting [an] ongoing legitimate business,' or (3) 'the predicates can be attributed to a defendant operating

as part of a long-term association that exists for criminal purposes.'" *Id.* (quoting *H.J., Inc.*, 492 U.S. at 242-43).

Plaintiffs fail to allege open-ended continuity. "[S]chemes which have a clear and terminable goal have a natural ending point [and] cannot support a finding of any specific threat of continuity that would constitute open-ended continuity." *Vicom*, 20 F.3d at 782. Here, the alleged goal of the PLTF, to amend the SAE J1940 horsepower labeling standard, is alleged to have been accomplished. (Complt. ¶ 148.) Because the plaintiffs have not alleged any predicate acts within the past two years and have pled no facts to support any ongoing criminal threat, they cannot establish open-ended continuity either.

In order to demonstrate closed-ended continuity, a plaintiff must show that the related predicate acts occurred over a substantial period of time. *Id.* To this end, courts consider: (1) the length of time over which the predicate acts were committed; (2) the number and variety of predicate acts; (3) the number of victims; (4) the presence of separate schemes; and (5) the occurrence of distinct injuries. *Id.* at 780 (quoting *Morgan*, 804 F.2d at 975); *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1049 (7th Cir.1998). The courts apply these factors "with an eye toward achieving a natural and commonsense result, recognizing that Congress was concerned in RICO with long-term criminal conduct." *Vicom*, 20 F.3d at 780 (internal quotation marks omitted).

The first factor, duration, "is perhaps the closest thing we have to a bright-line continuity test...." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1024 (7th Cir.1992). In the instant case, the alleged enterprise involved a single scheme which spanned only eight months (March 2003 to November 2003).

In *Midwest Grinding*, while the Seventh Circuit acknowledged that it had not established a *per se* duration requirement, it held that a time frame of less than nine months did not satisfy the durational aspect of closed-ended continuity, citing an expansive number of Seventh Circuit cases where a duration of less than two years was insufficient to establish closed-ended continuity. *Id.* (collecting cases). The Seventh Circuit summarized the matter in *Uni Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 922 (7th Cir.1992), stating that an eight-month, single victim, single scheme RICO claim does not constitute a pattern. The plaintiffs in this case pled precisely that same type of "short-term, closed-ended fraud," and, therefore, the most significant factor – duration – cuts against them.

Still, no single *Morgan* factor, regardless of its outcome, is necessarily dispositive. *Morgan*, 804 F.2d at 976. But four of the five factors, including the most significant (duration), militate against a finding of closed-ended continuity, and the fifth factor alone will not save the day. Accordingly, these claims are not the type of "long-term criminal conduct" Congress was concerned with when it enacted RICO, and dismissal is the "natural and commonsense result." *See Vicom*, 20 F.3d at 779.

### 2.    Class Certification.

The complaint asserts 177 separate state law claims against each defendant. This is not a good start and foreshadows the unlikelihood of class treatment. The Seventh Circuit has warned repeatedly against the certification of unwieldy multistate classes because the difficulties inherent in applying the laws of numerous states defeats both predominance and manageability. *See, e.g., In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018-21 (7th Cir. 2002) (decertifying a nationwide class action alleging, inter alia, claims for breach of express and implied warranties: "Because these

claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable."); *Isaacs v. Sprint Corp.*, 261 F.3d 679, 681-82 (7th Cir. 2001) (class certification was inappropriate in a suit by owners of land adjacent to railroad rights-of-way against railroad companies and a long-distance telephone company that bought sub-easements from the railroads alleging that the rights-of-way belonged to the landowners; the suit involved "different conveyances by and to different parties made at different times over a period of more than a century . . . in 48 different states [and] the District of Columbia . . . which have different laws regarding the scope of easements," so that individualized issues of law and fact predominated over any common issues); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677-78 (7th Cir. 2001) (on interlocutory appeal, vacating and remanding for further consideration a district court's decision to grant class certification: "A nationwide class in what is fundamentally a breach-of-warranty action, coupled with a claim of fraud, poses serious problems about choice of law, the manageability of the suit, and thus the propriety of class certification."); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995).

There is no way this Court could or should try make sense out of the welter of non-Illinois state claims pitched by the plaintiffs in this case. The Seventh Circuit has put an end to most multistate consumer class cases for the reasons stated, and this case is a poorer candidate than those cited above. The non-Illinois state claims will have to be litigated separately in local courts that are familiar with the appropriate underlying state law.

## CONCLUSION

In light of the foregoing, the RICO claims are **DISMISSED with prejudice**, and all non-Illinois state claims are **DISMISSED without prejudice** to refiling them in another jurisdiction. The

motion to certify a settlement class is **DENIED**, and the proposed settlement with defendant MTD

is **REJECTED**. Such a settlement would provide nothing to the putative class and would foreclose

the legitimate claims of class members.

Plaintiffs are granted leave to file, on or before **May 30, 2008**, a fourth amended complaint

which re-pleads the Illinois claims only.

The motion by defendant MTD to dismiss its cross-claims against defendant Kohler (Doc.

195) is **GRANTED**. Said cross-claims are **DISMISSED without prejudice**.

Finally, Plaintiffs' motion for a status conference (Doc. 197) is **DENIED**. The Court will

hold a status, if the parties so request, after an amended complaint is filed and defendants have filed

their responsive pleadings.

**IT IS SO ORDERED.**

DATED: 5/8/08

s/ *G. Patrick Murphy*

G. Patrick Murphy
United States District Judge

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| | : | |
| IN RE LAWNMOWER ENGINES | : | MDL DOCKET NO. 1971 |
| HORSEPOWER MARKETING & SALES | : | |
| PRACTICES LITIGATION | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I, Irene M. Kovarik, hereby certify that on July 1, 2008, I caused copies of the following

documents to be served upon the clerks of court, counsel and party listed on the attached service

list, via U.S. Mail first class delivery:

Reply of Plaintiffs William Fritz, Carl Phillips, Ronnie Phillips, Marc Parrone and James
Schneider in Further Support of Their Motion to Transfer Related Actions to the District
of New Jersey for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

Certificate of Service

and upon the Clerk of Court for the United States District Court for the Northern District of

California via the Court's Electronic Court Filing system.

Dated: July 1, 2008

Irene M. Kovarik
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
(612) 338-4605 (telephone)
(612) 338-4692 (facsimile)

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Docket: 1971 - IN RE: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation

Status: Pending on / /

Transferee District:          Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Berman, Debbie L.<br>JENNER & BLOCK LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603 | =>Phone: (312) 923-2764 Fax: (312) 840-7764 Email: dberman@jenner.com<br>Sears Roebuck & Co.* |
| Esades, Vincent J.<br>HEINS MILLS & OLSON PLC<br>310 Clifton Avenue<br>Minneapolis, MN 55403 | =>Phone: (612) 338-4605 Fax: (612) 338-4692 Email: vesades@heinsmills.com<br>Fritz, William*; Parrone, Marc*; Phillips, Carl*; Phillips, Ronnie*; Schneider, James* |
| Galvin, John E.<br>FOX GALVIN LLC<br>One Memorial Drive<br>12th Floor<br>St. Louis, MO 63102 | =>Phone: (314) 588-7000 Fax: (314) 588-1965 Email: jgalvin@foxgalvin.com<br>MTD Products, Inc.* |
| Johnson, David B.<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | =>Phone: (312) 853-7000 Fax: (312) 853-7036 Email: djohnson@sidley.com<br>American Honda Motor Co., Inc.* |
| Kalen, Sam<br>VAN NESS FELDMAN APC<br>1050 Thomas Jefferson Street, NW<br>7th Floor<br>Washington, DC 20007 | =>Phone: (202) 298-1826 Fax: (202) 338-2416 Email: smk@vnf.com<br>Tecumseh Products Co.* |
| Kuhns, Thomas O.<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601-6636 | =>Phone: (312) 861-2302 Fax: (312) 861-2200 Email: tkuhns@kirkland.com<br>Briggs & Stratton Corp.* |
| Longtin, Roger L.<br>DLA PIPER US LLP<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, IL 60601 | =>Phone: (312) 368-4040 Fax: (312) 236-7516 Email: roger.longtin@dlapiper.com<br>Electrolux Home Products, Inc.*; Husqvarna Outdoor Products, Inc.* |
| Macey, Eric N.<br>NOVACK & MACEY LLP<br>100 North Riverside Plaza<br>Chicago, IL 60606-1501 | =>Phone: (312) 419-6900 Fax: (312) 419-6928 Email: emacey@novackandmacey.com<br>Kohler Co. (The)* |
| Manning, William H.<br>ROBINS KAPLAN MILLER & CIRESI LLP<br>800 LaSalle Avenue South<br>Suite 2800<br>Minneapolis, MN 55402 | =>Phone: (612) 349-8500 Fax: (612) 339-4181 Email: WHManning@rkmc.com<br>Toro Co. (The)* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Mendel, Scott M.
BELL BOYD & LLOYD LLP
70 West Madison Street
Suite 3100
Chicago, IL 60602

=>Phone: (312) 807-4252 Fax: (312) 827-8131 Email: smendel@bellboyd.com
Deere & Co.*

Pesce, Carl J.
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101

=>Phone: (314) 552-6185 Fax: (314) 552-7185 Email: cpesce@thompsoncoburn.com
Kawasaki Motors Corp. USA*

Platinum Equity, LLC,
c/o CT Corporation System
818 West 7th Street
2nd Floor
Los Angeles, CA 90017

=>
Platinum Equity, LLC

# IN RE LAWN MOWER ENGINES HORSEPOWER LITIGATION
## MDL DOCKET NO. 1971
### SERVICE LIST

William H. Manning
**ROBINS, KAPLAN, MILLER**
**& CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
612-349-8500
612-339-4181 Fax
whmanning@rkmc.com

Judy L. Cates
**THE CATES LAW FIRM, L.L.C.**
216 West Pointe Drive, Suite A
Swansea, IL 62226
618-277-3644
618-277-7882
jcates@cateslaw.com
**Attorneys for Defendant The Toro Company**

Charles J. Swartwout
**GUNDLACH, LEE, EGGMANN, BOYLE &**
**ROESSLER**
5000 West Main Street, P.O. Box 23560
Belleville, IL 62223-0560
618-277-9000
618-277-4594 Fax
c.swartwout@gundlachlee.com

Craig C. Martin
**JENNER & BLOCK**
330 North Wabash Avenue
Chicago, IL 60611-7603
312-222-9350
312-527-0484 Fax
cmartin@jenner.com
**Attorneys for Defendant Sears Roebuck**
**Corporation**

Robert H. Shultz, Jr.
**HEYL, ROYSTER, VOEKLER**
**and ALLEN, P.C.**
103 W. Vandalia Street, Suite 100
Edwardsville, IL 62025
618-656-4646
618-656-7940 Fax
rshultz@hrva.com

David B. Johnson
**SIDLEY AUSTIN BROWN**
**& WOOD LLP**
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
312-853-6097
312-853-7036 Fax
djohnson@sidley.com
**Attorneys for Defendant American Honda**
**Company, Inc.**

William A. Schmidt
**GREENSFELDER, HEMKER**
**& GALE, P.C.**
12 Wolf Creek Drive, Suite 100
Swansea, IL 62226
618-257-7308
618-257-7353 Fax
was@greensfelder.com

Scott M. Mendel
**BELL, BOYD & LLYOD LLC**
70 West Madison Street
Chicago, IL 60602
312-372-1121
312-827-8000 Fax
smendel@bellboyd.com
**Attorneys for Defendant Deere & Company**

Ann Hatch
**HERZOG CREBS LLP**
5111 W. Main Street
Belleville, IL  62226
618-235-7656
314-231-4656 Fax
mah@hcmllp.com

Sam Kalen
G. William Frick
**VAN NESS FELDMAN**
1050 Thomas Jefferson Street, N.W.
Seventh Floor
Washington, D.C.  20007
202-298-1800
202-338-2416 Fax
gwf@vnf.com
**Attorneys for Defendant Tecumseh Products**
**Company**

Michael Nester
**DONOVAN, ROSE, NESTER**
**& JOLEY, P.C.**
8 East Washington Street
Belleville, IL  62220-2190
618-235-2020
618-235-9632 Fax
mnester@ilmoattorneys.com

Thomas O. Kuhns
**KIRKLAND & ELLIS LLP**
200 East Randolph Drive
Chicago, IL  60601
312-861-2000
312-861-2200 Fax
tkuhns@kirkland.com
**Attorneys for Defendant Briggs**
**& Stratton Corporation**

Richard T. Coyne
**WEGMAN, HESSLER**
**& VANDERBURG**
6055 Rockslide Woods Boulevard
Suite 200
Cleveland, OH  44131
216-642-3342
216-642-8826 Fax
rtcoyne@wegmanlaw.com

Robert D. Owen
**FULBRIGHT & JAWORSKI**
666 Fifth Avenue
New York, NY  10103-3198
212-318-3000
212-318-3400 Fax
rowen@fulbright.com

John E. Galvin
**FOX GALVIN, LLC**
One Memorial Drive, 12th Floor
St. Louis, MO  63102
314-588-7000
314-588-1965 Fax
jgalvin@foxgalvin.com
**Attorneys for Defendant MTD Products, Inc.**

Carl J. Pesce
Richard A. Mueller
**THOMPSON COBURN, LLP**
One US Bank Plaza, Suite 2700
St. Louis, MO  63101-1611
314-552-6000
314-552-7000 Fax
rmueller@thompsoncoburn.com

Kevin T. Hoerner
**BECKER, PAULSON, HOERNER &
THOMPSON, P.C.**
5111 West Main Street
Belleville, IL 62226
618-235-0020
KTH@bphlaw.com
**Attorneys for Defendant Kawasaki Motors
Corp. USA**

Donald J. Dahlmann
**WALKER AND WILLIAMS P.C.**
4343 West Main Street
Belleville, IL 62226
618-274-1000
618-233-1637 Fax
djd@wawpc.net

Roger L. Longtin
**DLA PIPER RUDNICK GRAY CARY**
203 N. LaSalle Street
Chicago, Illinois 60601
312-368-4092
312-236-7516 Fax
roger.longtin@dlapiper.com
**Attorneys for Defendant Electrolux Home
Products, Inc. and Husqvarna Outdoor
Products, Inc.**

Eric N. Macey
**NOVACK AND MACEY LLP**
100 North Riverside Plaza
Chicago, IL 60606-1501
312-419-6900
312-419-6928 Fax
emacey@novackandmacey.com
mmann@novackandmacey.com
vroche@novackandmacey.com
**Attorneys for Defendant The Kohler
Company**

Platinum Equity, LLC
c/o CT Corporation System
818 West 7th St., Second Floor
Los Angeles, CA 90017

William T. Walsh, Clerk of Court
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

Norbert G. Jaworski, Clerk of Court
U.S. District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

**SERVED VIA ECF:**
Richard W. Wieking, Clerk of Court
U.S. District Court
Northern District of California
1301 Clay Street, Suite 400S
Oakland, CA 94612