1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   GAYLE L. GOUGH  Bar No. 154398
2  One Market Plaza
   Steuart Tower, 8th Floor
3  San Francisco, California 94105
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635

5  Attorneys for DEFENDANTS SEARS, ROEBUCK
   AND CO.; DEERE & COMPANY; TECUMSEH
6  PRODUCTS COMPANY; BRIGGS &
   STRATTON CORPORATION; KAWASAKI
7  MOTORS CORP. USA; THE TORO COMPANY;
   ELECTROLUX HOME PRODUCTS, INC.;
8  HUSQVARNA OUTDOORS PRODUCTS, INC.;
   and THE KOHLER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL PHILLIPS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND COMPANY; DEERE & COMPANY; TECUMSEH PRODUCTS COMPANY; PLATINUM EQUITY, LLC; BRIGGS & STRATTON CORPORATION; KAWASAKI MOTORS CORP. USA; MTD PRODUCTS INC; THE TORO COMPANY; AMERICAN HONDA MOTOR COMPANY, INC.; ELECTROLUX HOME PRODUCTS, INC.; HUSQVARNA OUTDOOR PRODUCTS, INC.; and THE KOHLER COMPANY,<br><br>Defendants. | CASE NO. C 08-02671 SBA<br><br>**STIPULATION TO CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT**<br><br>**AND ORDER THEREON** |

Pursuant to Civil Local Rules 6-2(a) and 7-12, Plaintiff Carl Phillips and Defendants Sears, Roebuck and Co., Deere & Company, Tecumseh Products Company, Briggs & Stratton Corporation, Kawasaki Motors Corp. USA, The Toro Company, Electrolux Home Products, Inc., Husqvarna Outdoors Products, Inc., The Kohler Company, and Platinum Equity, LLC

-1-                                        CASE NO. C 08-02671 SBA
STIPULATION TO CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND EXTENSION
OF TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT, AND ORDER THEREON

SF/1527092v1

1  ("Defendants") (together collectively referred to herein as "the Parties"), by and through their
2  attorneys of record, as set forth below, stipulate and respectfully request that the Case
3  Management Conference scheduled for September 11, 2008, be continued pending a ruling by
4  the Judicial Panel on Multidistrict Litigation ("JPML") on Plaintiffs' motion to transfer for
5  coordinated pretrial proceedings the related actions that have been filed, and that other Plaintiffs
6  intend to file, in other federal district courts around the country, pursuant to 28 U.S.C. § 1407,
7  and resolution of pretrial matters by the Court to which the JPML transfers the related actions.
8  The Parties further stipulate and respectfully request that all Defendants be permitted an
9  extension of time to respond to the Complaint until 45 days after the JPML rules on Plaintiffs'
10 pending motion to transfer for coordinated pretrial proceedings.
11         The Parties stipulate and declare:
12         1.      On May 17, 2006, counsel for Plaintiff and numerous other purchasers of
13 lawnmowers throughout the country filed a Third Amended Class Action Complaint in *Phillips*
14 *v. Sears, Roebuck and Co.*, Case No. 04-L-334 (Ill. Circuit Ct.) (hereinafter "Third Amended
15 Complaint.") The Complaint pled violations of various state statutes, including California's
16 consumer-fraud statute, as well as civil conspiracy and unjust enrichment common-law doctrines.
17 Third Am. Compl. ¶¶ 346-55, 1088-106 (Counts 9, 83, 84). Plaintiffs also alleged violations of
18 the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* ¶¶ 239-74.
19         2.      The Third Amended Complaint sought certification of 51 classes: one nationwide
20 class for purposes of dealing with the RICO count, and 50 statewide classes with respect to the
21 state-law claims. *Id.* ¶¶ 179-229.
22         3.      Defendants removed the Third Amended Complaint to the Southern District of
23 Illinois on May 31, 2006. Notice of Removal, *Phillips v. Sears, Roebuck and Co.*, Case No.
24 3:06-cv-00412-GPM-DGW (S.D. Ill. May 31, 2006).[1] (See Docket No. 7, Notice of Pendency of
25 Other Action or Proceeding.)
26 / / /

---

[1] Subsequent references to *Phillips v. Sears, Roebuck and Co.*, No. 06-cv-412 (S.D. Ill.) will simply refer to "S.D. Ill. Litigation."

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1527092v1

-2-    CASE NO. C 08-02671 SBA
STIPULATION TO CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND EXTENSION
OF TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT, AND ORDER THEREON

4. On March 30, 2007, Judge G. Patrick Murphy of the Southern District of Illinois dismissed Plaintiffs' Third Amended Class Action Complaint with leave to replead certain counts "in accordance with the Court's detailed instructions." Order, entered 3/30/07, S.D. Ill. Litigation.

5. On May 8, 2008, Judge Murphy issued a Memorandum and Order detailing what counts Plaintiffs would and would not be entitled to replead. Mem. and Order, dated 5/8/08, S.D. Ill. Litigation. Specifically, the Court dismissed with prejudice Plaintiffs' RICO claim. *Id.* at 11. The Court also dismissed all of Plaintiffs' non-Illinois state claims "without prejudice to refiling them in another jurisdiction." *Id.* (emphasis removed).

6. Consistent with the Court's Order, on May 22, 2008, Plaintiff filed a Class Action Complaint in this Court alleging, among other things, the same California state-law claims that Plaintiffs previously alleged in their Third Amended Complaint in Illinois. (Docket No. 1.)

7. Similarly, Illinois Plaintiffs have filed a Fourth Amended Class Action Complaint in the Southern District of Illinois. This Complaint repleads the Illinois claims from the Third Amended Complaint. A New Jersey Plaintiff has also filed a Class Action Complaint in the United States District Court for the District of New Jersey. That Complaint alleges the same New Jersey state-law claims that the Southern District of Illinois previously dismissed.

8. In addition to California, Illinois, and New Jersey, within approximately the next six months Plaintiff's counsel intend to file (on behalf of other Plaintiffs) similar lawsuits in the remaining 47 states and the District of Columbia.

9. On June 2, 2008, Plaintiffs filed with the JPML a Motion to Transfer Related Lawn Mower Engines Horsepower Actions for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407. (See Docket Nos. 5, 11.) That motion is pending before the JPML and requests that this case be transferred to the District of New Jersey. Defendants agree that the existing and future related actions should be transferred for coordinated pretrial proceedings, but believe the appropriate transferee court is the Southern District of Illinois. Oral argument on that motion was heard on July 31, 2008.

///

SF/1527092v1

-3-    CASE NO. C 08-02671 SBA

STIPULATION TO CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT, AND ORDER THEREON

10. In the action before this Court, Plaintiff and Defendants Sears, Roebuck and Co.; Deere & Company; Tecumseh Products Company; Briggs & Stratton Corporation; Kawasaki Motors Corp. USA; The Toro Company; Electrolux Home Products, Inc.; Husqvarna Outdoors Products, Inc.; and The Kohler Company stipulated, pursuant to Local Rule 6-1(a), to extend the time the time for these Defendants to respond to Plaintiff's Complaint until 45 days after the JPML rules on Plaintiffs' pending motion to transfer for coordinated pretrial proceedings related actions that have been filed, and that other Plaintiffs intend to file, in other federal district courts around the country, pursuant to 28 U.S.C. § 1407. (Docket No. 29.)

11. Defendant Platinum Equity LLC proceeded by motion to obtain an extension of time to respond to the Complaint. (Docket No. 12.) Plaintiff did not oppose Platinum Equity's request for an extension of time. (Docket No. 16.) The Court entered an order extending Platinum Equity's time to respond to August 4, 2008. (Docket No. 17.) Defendants American Honda Motor Company, Inc. and MTD Products Inc. have not appeared in this action, but have reached agreements with Plaintiff to answer the complaints within 45 days after the JPML rules on Plaintiffs' pending motion to transfer the related actions – the same deadlines Plaintiff has agreed upon with the other Defendants.

12. Given the existence of the Illinois, California, and New Jersey Complaints, as well as Plaintiff's counsel's intention to file similar actions in every other state in the near future, the Parties believe that all of these cases should be transferred to one judge for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

13. For the sake of efficiency and consistency, the Parties believe that the pending JPML motion should be ruled upon before any Defendant is required to answer the Complaint. In particular, if the JPML coordinates the related actions, Defendants intend to move to dismiss Plaintiffs' California, Illinois, and New Jersey Complaints, and will likely move to dismiss any other Complaints that may be filed. These motions will raise issues that can be more efficiently decided by a single court.

14. As a result, the Parties believe that judicial economy will be well served by extending the time for all Defendants to respond to Plaintiff's Class Action Complaint until 45

1  days after the JPML rules upon the pending motion to transfer for coordinated pretrial
2  proceedings related actions that have been filed, and that other Plaintiffs intend to file, in other
3  federal district courts around the country, pursuant to 28 U.S.C. § 1407.

4      15.    In the litigation in the Southern District of Illinois, Judge Murphy has granted an
5  Order providing the same sort of extension sought here. Order Granting Joint Motion for
6  Extension of Time to File Response to Fourth Amended Complaint, S.D. Ill. Litigation
7  ("Defendants are granted 45 days after the JPML decides whether the is action should be
8  consolidated with related actions to respond to Plaintiffs' Fourth Amended Complaint." Entered
9  6/9/08.)

10     16.    This Court has issued an Order setting a Case Management Conference and
11 assigning the case to the Alternative Dispute Resolution (ADR) Multi-Option Program governed
12 by ADR Local Rule 3. Order Setting Case Management Conference and ADR Deadlines
13 (Docket No. 2). The Case Management Conference was initially set for September 4, 2008
14 (Docket No. 2) and rescheduled by the Clerk's Notice for September 11, 2008 (Docket No. 5.)
15 The joint Case Management Conference Statement is due by September 2, 2008. (Docket No. 5.)
16 There has been no other continuance of the Case Management Conference.

17     17.    For the reasons stated herein and for good cause, the Parties respectfully request
18 and stipulate that the Case Management Conference scheduled for September 11, 2008, be
19 continued pending resolution of pretrial matters by the Court to which the JPML transfers the
20 related actions and that no responses to the Complaint need be filed until 45 days after the JPML
21 rules upon the pending motion to transfer the actions for coordinated pretrial proceedings.

22     IT IS SO STIPULATED.

23 DATED: ~~July~~, 2008    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
24 August 1,

25     By: _____
26     Jordan Elias
    Attorneys for Plaintiff
    CARL PHILLIPS

SF/1527092v1

-5-    CASE NO. C 08-02671 SBA
STIPULATION TO CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND EXTENSION
OF TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT, AND ORDER THEREON

```
 1  DATED: July 31, 2008              SKIKOS, CRAWFORD, SKIKOS, JOSEPH & MILLICAN
 2
                                             //s//   Kathleen N. Millican
 3                                      By:_____
                                             Kathleen N. Millican
 4                                           Attorneys for Defendant
                                             PLATINUM EQUITY LLC
 5
 6  DATED: July 31, 2008              SEDGWICK, DETERT, MORAN & ARNOLD LLP
 7
 8                                      By:_____
                                             Gayle L. Gough
 9                                           Attorneys for Defendants
                                             SEARS, ROEBUCK AND CO.; DEERE & COMPANY;
10                                           TECUMSEH PRODUCTS COMPANY; BRIGGS &
                                             STRATTON CORPORATION; KAWASAKI MOTORS
11                                           CORP. USA; THE TORO COMPANY; ELECTROLUX
                                             HOME PRODUCTS, INC.; HUSQVARNA
12                                           OUTDOORS PRODUCTS, INC.; and THE KOHLER
                                             COMPANY
13
14  PURSUANT TO STIPULATION, IT IS SO ORDERED.
15
16  Dated: August ___, 2008
17                                      _____
                                             SAUNDRA BROWN ARMSTRONG
18                                           United States District Judge
```